IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| CHIRAG SHAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION No. 1:13CV1481 |
| | ) | |
| SOUTHWEST AIRLINES, et al | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' OPPOSITION TO
DEFENDANT'S
MOTION TO DISMISS COMPLAINT**

COMES NOW the Plaintiff, by and through counsel, and as for their Memorandum in Opposition to Defendant's Motion to Dismiss the Complaint, do hereby state the following:

**I.  FACTUAL BACKGROUND**

On November 29, 2013, Plaintiff filed a complaint alleging that on April 15, 2013, at Washington Dulles International Airport, Defendant Southwest Airlines and its employees blatantly discriminated against him when they removed him from Southwest flight 392. ( Complaint ¶ 1-19).  Plaintiff is an American citizen and of South Asian descent.  (Complaint ¶ 3).  Plaintiff is a contractor for the United States Customs and Border Protection (CBP) and has security clearances with CBP and the Department of Homeland Security (DHS).  (Complaint ¶ 1, 9).  On the date of the incident, Plaintiff arrived at the airport with the intention of traveling to Denver for a work meeting with representatives of the United States Department of Agriculture.  (Complaint ¶ 9).  After

proceeding to the TSA checkpoint, Plaintiff boarded the plane and took a window seat near the front of the aircraft. (Complaint ¶ 10-11). As the flight exited the runway and prepared for takeoff, Plaintiff observed the flight attendant staring at him. (Complaint ¶ 13). Shortly thereafter the pilot turned the plane around and headed back to the gate. (Complaint ¶ 14). Upon return to the gate, several members of what Plaintiff believed to be Airport Security boarded the plane and one officer asked Plaintiff to step off the plane. (Complaint ¶ 15). Plaintiff complied and walked with the officer towards the middle of the jet bridge. (Complaint ¶ 15). Shortly thereafter, several TSA officers arrived at the jetbridge and Plaintiff provided the officers with a badge, showing him to be a contractor with CBP. (Complaint ¶ 16). In short order, TSA determined that Plaintiff was not a security risk. (Complaint ¶ 16). Plaintiff then saw Defendant's pilot exit the plane and speak with one of the TSA officers, who immediately conveyed to Plaintiff that though he was not a security risk, he would not be allowed back onto the plane. (Complaint ¶ 18). The TSA officer then instructed Plaintiff and the other gentleman of South Asian descent who also was removed from the plane that they needed to go to Defendant's customer service desk for alternate travel arrangements. (Complaint ¶ 18). Plaintiff declined to board another plane and left the airport in disgust to go home. (Complaint ¶ 19).

In his complaint Plaintiff asserts the following claims against Southwest Airlines: (1) Defendant denied Plaintiff "the full and equal enjoyment" of a "place of public accommodation" because of Plaintiff is South Asian and perceived to be of Muslim, Arab, Middle Eastern or South Asian descent in violation of 49 U.S.C. § 40127(a), 49 U.S.C. § 44902(b), and Title II of the Civil Rights Act of 1964, 42 U.S.C. 2000a (Counts

I, III, IV); (2) Defendant failed to honor the contract with Plaintiff to travel with Southwest Airlines on April 15, 2013, because Defendant perceived Plaintiff to be of Muslim, Arab, Middle Eastern or South Asian descent in violation of 42 U.S.C. § 1981 (Count II); (3) Defendant acted negligently in preventing its employees from discriminating against Plaintiff (Count V); (4) Defendant's actions resulted in Plaintiff being falsely imprisoned (Counts VI).   Defendant has filed a motion to dismiss all Counts except Count II.  For the reasons that follow, the Motion to Dismiss must be denied.

## II.  STANDARD OF REVIEW

Under 12(b)(6) of the Rules of Federal Civil Procedure, Defendants' Motion to Dismiss can only be granted if there is no set of facts that would entitle Plaintiffs to a verdict on the claims in issue.  To file its Motion to Dismiss, Defendants must accept the facts alleged in the Complaint as true.  See Scheuer v. Rhoades, 416 U.S. 232, 236 (1974); Puerto Rico ex. rel. Ouiros v. Alfred L. Snapp & Sons, 632 F.2d 365 (4th Cir. 1980). Furthermore, all reasonable inferences must be made in favor of Plaintiffs.  See Johnson v. Mueller, 415 F.2d 354 (4th Cir. 1969); MacKethan v. Peat. Marwick. Mitchell & Co., 439 F. Supp. 1090 (E.D. Va. 1977). No count can be dismissed unless it appears beyond a doubt that Plaintiffs cannot recover under any set of facts which could be proven.  See Doby v. Safeway Stores. Inc., 523 F. Supp. 1162 (E. D. Va. 1981); Austin v. Reynolds Metals Co., 327 F. Supp. 1145 (E. D. Va. 1970).  Because Plaintiffs claims are properly supported, the Motion to Dismiss must be denied in part as set forth below.

## III.  ARGUMENT

### A.  Plaintiff agrees that Count I may be dismissed

    **B.**       **Plaintiff agrees that Count III may be dismissed**

    **C.**       **Plaintiff agrees that Count IV may be dismissed**

    **D.**       **Count V sets forth a claim for Negligent Supervision.**

Defendant argues that Virginia law does not recognize a claim of negligent supervision. In support, Defendant cites to Chesapeake and Potomac Telephone Co of Virginia v Dowdy, 235 Va 55, 365 S.E.2d 751 (1988). However, Dowdy dealt with an employee claiming his supervisors had a duty to supervise him better, and that they were negligent in doing so. On this narrow issue, the Virginia Supreme Court found that there is no duty of reasonable care upon an employer in the supervision of its employees. Id. at 61. There is no Virginia Supreme Court case rejecting claims by third parties that an employer negligently supervised its employees. Virginia Circuit Court opinions have, however, recognized such a claim. See Hernandez v Lowes Home Centers, Inc., 83 Va. Cir. 210, 2011 WL 8964944 (Va Cir Ct 2011); JohnsonKendrick v Sears Roebuck & Co., 39 Va. Cir 314 (1996).

Defendant then argues that its agents had no duty to Plaintiff that could have been violated. However, the defendant and its agents had a duty not to falsely detain customers based on their national origin. As such, Defendant's failure to properly supervise its agents and employees to ensure that they do not falsely detain customers based on their national origin creates a cognizable cause of action in Virginia.

    **E.**       **Count VI states a claim for False Imprisonment**

Defendant correctly states that false imprisonment is "the intentional restriction of a person's freedom of movement without legal right." Lewis v Kei, 281 Va 715, 708

S.E.2d 884, 890 (2011).  What Defendant fails to recognize is that a "party who actively instigates, directs, or procures the [detention] of a person is liable for false imprisonment."  <u>Whitlock v Street</u>, 2012 WL 3686434 @ *5 (E.D. Va. 2012); <u>Smith v Button</u>, 1997 WL 33621883 @ *3 (Va. Cir. Ct Richmond 1997); see <u>Winters v Campbell</u>, 148 W.Va. 710, 137 S.E. 2d 188 (1964).

In support of its argument, Defendant cites to <u>Norfolk & Western Ry Co. V Perdue</u>, 117 Va 111, 83 S.E. 1038 (1915).  According to the Defendant, the <u>Perdue</u> case holds that a railroad could not be liable for false imprisonment by a private watchman, but could be if the railroad's employee assisted in arresting the Plaintiff and taking Plaintiff to jail.  However, this limited scope of liability does not appear in <u>Perdue</u>.  The <u>Perdue</u> court recognized that if the Defendant's employee assisted in the false imprisonment, then the Defendant could be held liable.  It does not require that the Defendant's employee actually assist in arresting or taking the plaintiff to jail.

Defendant next argues that the Airline Deregulation Act of 1978 (the ADA) preempts the False Imprisonment claim, and cites to <u>Smith v Comair</u>, 134 F.3d 254, 259 (4th Cir 1998).  However, <u>Comair</u> recognizes that the ADA does not preempt claims stemming from outrageous conduct on the part of an airline toward a passenger, such as when an airline holds a passenger without safety or security justification.  <u>Comair</u>, at 259.  Further, the <u>Comair</u> cites favorably to <u>Chrissafis v Continental Airlines, Inc.</u>, 940 F.Supp. 1292 (N.D. Ill, 1996), in which the court allows a false imprisonment claim to go forward due to an airline causing an arrest without proper factual basis.  Thus, the court impliedly recognizes that an airline can be liable for false imprisonment when they do hold a

passenger without safety or security justifications.  This result is consistent with rulings in other Districts.  In Peterson v Continental Airlines, Inc., 970 F. Supp. 246 (S.D.N.Y. 1997), the court found that the claim for false arrest were not preempted where the plaintiff had alleged that the airline had called the police to remove him from his seat without explanation:

> Even assuming that [the plaintiffs] claims directly implicate an airline service, [the defendant's] preemption argument fails under the third prong of the inquiry because the issue of whether [the defendant] acted reasonably remains in dispute. Under [the plaintiffs] version of the facts surrounding their arrest, [the defendant] cannot be said to have provided any airline service in a reasonable manner. Specifically, [the plaintiff] claims that after the seat conflict arose, she was directed to leave the airplane without explanation.  Moreover, [the plaintiff] argues that by contacting the police without justification, the flight crew acted in an abusive, unprofessional and malicious manner.  As such, [the plaintiffs] claims allege outrageous conduct that goes beyond the scope of normal aircraft operations.

Peterson, 970 F. Supp. at 250.  Similarly, in AL-Tawan v American Airlines, Inc., 570 F.Supp2d 925 (ED Mich 2008), the court made short work of Defendant's preemption argument:

> Defendant's primary contention is that an air crew's decision to remove a passenger for "safety" reasons, to contact law enforcement, and then to detain and interrogate the individual constitute an airline "service", therefore preempted from

> state regulation. Again, at the motion to dismiss stage, the Court finds the reasoning in *Chrissafis* and *Peterson* persuasive. Here, allegations that members of an aircrew improperly profiled the plaintiffs on the basis of race or national origin, used that basis to remove them from the aircraft, and finally caused law enforcement authorities to detain them for a period of time are sufficient to survive this motion to dismiss... As in *Peterson*, Plaintiff's instant false imprisonment claim does not frustrate the economic deregulation goals of §41713.

Al-Tawan, 570 F.Supp.2d at 939.

The Chrissafis, Peterson, and Al-Tawan cases are strikingly similar to the case at bar. As in those cases, the claim for false imprisonment is not preempted. Plaintiff has sufficiently set forth a claim for false imprisonment.

### III.   CONCLUSION

For the foregoing reasons, the motion to dismiss should be denied.

CHIRAG SHAH
By Counsel

_____/s/_____
Thomas R. Breeden, VSB # 33410
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
Tel (703) 361-9277, facsimile (703) 257-2259
trb@tbreedenlaw.com

Sanjay Sethi
Sethi & Mazaheri, LLC
9 Polifly Road, 2nd Floor
Hackensack, NJ  07601
201-606-2267
Facsimile 201-595-0957
sethi@sethimaz.com
*counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on the 3rd  day of February, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Jonathan M. Stern (VSB# 41930)
Schnader Harrison Segal & Lewis LLP
750 Ninth Street, NW
Suite 550
Washington, DC  20001
(202) 419-4202
(202) 419-4252 fax
jstern@schnader.com
*Counsel for Defendant*

           /s/_____
Thomas R. Breeden, Esquire
(VSB #33410)
THOMAS R. BREEDEN, P.C.
7900 Sudley Road, Suite 600
Manassas, Virginia  20109
(703) 361-9277 Telephone
(703) 257-2259 Facsimile
trb@tbreedenlaw.com
*Counsel for Plaintiff*