IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CHIRAG SHAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-cv-1481 (AJT/JFA) |
| ) | |
| SOUTHWEST AIRLINES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the Motion to Dismiss filed by Defendant Southwest Airlines [Doc. No. 4] ("the Motion"). Upon consideration of the Motion, the memoranda submitted in support thereof and in opposition thereto, and the arguments of counsel at the hearing held on February 21, 2014, and for the reasons discussed below, the Motion will be GRANTED.

Plaintiff Chirag Shah, a contractor for the United States Customs and Border Protection ("CBP"), alleges that, on April 15, 2013, he arrived at Washington Dulles International Airport, checked in for a flight to Denver, Colorado, and "proceeded to go through the normal [Transportation Security Administration ("TSA")] checkpoint with his baggage." Compl. ¶¶ 9-10. Plaintiff further alleges that he boarded the plane and took a seat, and that, after the plane exited the gate, he observed a flight attendant "staring at him from across the aisle." *Id.* ¶ 13. According to Plaintiff, "[a]s the plane was about to take its last turn to [*sic*] towards the runway, the pilot turned the plane in the opposite direction and announced that they were heading back to the gate due to some issue with a passenger." *Id.* ¶ 14. Plaintiff alleges that, "[u]pon return to the gate, several members of what Plaintiff believed to be Airport Security boarded the plane. One officer approached Plaintiff and asked if he could step of the plane. Plaintiff complied and walked with the officer towards the middle of the jet bridge." *Id.* ¶ 15. Next, Plaintiff alleges, "several TSA officers arrived at the jet bridge and asked Plaintiff to provide them with

identification. Plaintiff provided the officers with a badge, showing him to be a contractor with CBP." *Id.* ¶ 16. Plaintiff states that, "[i]n short order, TSA determined that Plaintiff was not a security risk." *Id.* Plaintiff alleges, however, that, while being questioned he "observed the flight attendant speaking with a TSA agent," and "saw Defendant's pilot exit the plane and speak with one of the TSA officers, who immediately conveyed to Plaintiff that though he was not a security threat, he would not be allowed back onto the plane." *Id.* ¶¶ 17-18. Plaintiff indicates that he decided not to make other arrangements for travel, as advised by a TSA officer, and instead left the airport. *Id.* ¶¶ 18-19.

In his six-count complaint filed on November 29, 2013, Plaintiff asserts the following claims against Defendants Southwest Airlines and Does 1-25: (a) violation of 49 U.S.C. § 40127(a), "Prohibitions on Discrimination" (Count I); (b) violation of 42 U.S.C. § 1981, "Equal Rights Under the Law" (Count II); (c) violation of 49 U.S.C. § 44902(b), "Refusal to Transport Passengers and Property" (Count III); (d) violation of 42 U.S.C. § 2000a, "Prohibition Against Discrimination or Segregation in Places of Public Accommodation" (Count IV); (e) Negligent Supervision (Count V); and (f) False Imprisonment (Count VI). On January 16, 2014, Defendant Southwest Airlines moved to dismiss all counts except Count II of Plaintiff's complaint. In his Opposition to Defendant's Motion to Dismiss, Plaintiff agreed to the dismissal of Counts I, III, and IV; and he subsequently notified the Court that he does not contest Defendant's motion to dismiss as to Count V, leaving only for decision Defendant's challenge to the sufficiency of Count VI, alleging false imprisonment.

In Count VI, Plaintiff alleges that "Defendant's initiation of the removal from the plane and subsequent detention by TSA directly caused a restraint of Plaintiff's liberty," and that "Defendant's initiation of the detention was without any sufficient legal excuse." Compl. ¶¶ 50-

51. Plaintiff further alleges that, "[a]s a direct and proximate result of the Defendant's actions described above, Plaintiff has suffered loss of his freedom, [and] severe emotional and mental pain and suffering." *Id.* ¶ 52.

"False imprisonment is the restraint of one's liberty without any sufficient legal excuse." *Lewis v. Kei*, 708 S.E.2d 884, 890 (Va. 2011). It "is a wrong akin to the wrongs of assault and battery, and consists in imposing by force or threats an unlawful restraint upon a man's freedom of locomotion." *W.T. Grant Co. v. Owens*, 141 S.E. 860, 865 (Va. 1928). Thus, "[i]f a person is under a reasonable apprehension that force will be used unless he willingly submits, and he does submit to the extent that he is denied freedom of action, this, in legal contemplation, constitutes false imprisonment." *Zayre of Va., Inc. v. Gowdy*, 147 S.E.2d 710, 713 (Va. 1996). In addition to an individual who personally carries out a false arrest, "[a] party who actively instigates, directs, or procures the unlawful arrest of a person is liable for false imprisonment." *Smith v. Button*, 43 Va. Cir. 379 (Va. Cir. Ct. 1997); *see also Norfolk & Western Ry. Co. v. Perdue*, 83 S.E. 1058, 1060 (Va. 1915) (finding no error in trial court jury instruction indicating that railroad could be held liable for false imprisonment if its employee assisted the policeman who made alleged unlawful arrest).

Plaintiff's allegations are insufficient to support a claim for false imprisonment. As a practical matter, based on Plaintiff's allegations, the alleged false imprisonment must have occurred during the time Plaintiff was confronted by security guards on the plane or while he was being questioned by the TSA officers after exiting the plane. Plaintiff does not allege, however, that actual or implicit force was used against him during either time or that he felt he could not freely leave either the plane or the jet bridge. More central to Defendant Southwest Airlines' challenge to the sufficiency of Count VI is the lack of any allegations that any

employee of Southwest Airlines actually participated in any unlawful detention or even instigated any such unlawful detention. Plaintiff's only allegations concerning Defendant Southwest Airlines are that a flight attendant was staring at him while he was on the plane, that he observed the flight attendant and the pilot speaking to the TSA officers, and that, following those conversations, Plaintiff was told he could not re-board the plane even though he was not a security risk. These allegations fall short of plausibly alleging that Southwest employees instigated or directed the TSA officers to restrain Plaintiff by force or threat of force; at most, Plaintiff's evidence suggests that Southwest employees told the officers they did not want Plaintiff on the flight. *See Smith v. Comair*, 134 F.3d 254, 259-60 (4th Cir. 1998) (rejecting false imprisonment claim of plaintiff who was denied boarding on a flight, indicating that plaintiff's evidence "simply d[id] not show that he was compelled either to remain or to go anywhere he did not wish"). For these reasons, Plaintiff has not pleaded facts that make plausible his claim of false imprisonment against Defendant Southwest Airlines.

Accordingly, for the reasons set forth above, it is hereby

ORDERED that Defendant's Motion to Dismiss [Doc. No. 4] be, and the same hereby is, GRANTED, and Counts I, III, IV, V and VI of Plaintiff's complaint [Doc. No. 1] be, and the same hereby are, DISMISSED.

The Clerk is directed to forward copies of this Order to all counsel of record.

/s/
_____
Anthony J. Trenga
United States District Judge

March 6, 2014
Alexandria, Virginia