IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| CHIRAG SHAH, | \| |
| Plaintiff, | \| |
| vs. | \| Civil Action No. 1:13CV1481 AJT/JFA |
| SOUTHWEST AIRLINES, *et al.*, | \| |
| Defendants. | \| |

## ANSWER

Southwest Airlines Co. ("Southwest"), responding to its numbered paragraphs, answers the Complaint as follows:

1. Southwest lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph one, except that it admits that Mr. Shah was removed from a flight and refused reentry on the same flight after removal on April 15, 2013, and it denies that Mr. Shah was "confronted with blatant discrimination …."

2. Southwest denies the logic in each of the two sentences that comprise paragraph two of the Complaint. Notwithstanding this denial, Southwest does not intend to claim in this lawsuit that Mr. Shah was, in fact, a security risk, only that he was perceived on April 15, 2013 as possibly being a security risk.

3. Southwest lacks knowledge or information sufficient to admit or deny the allegations that plaintiff or the other passenger removed from the subject flight is visibly South Asian in origin.  Southwest denies the remaining allegations contained in paragraph three.

### The Parties

4. Southwest lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph four.

5. Southwest admits the allegations contained in paragraph five.

### Jurisdiction

6. The allegations contained in paragraph six constitute conclusions of law to which a response is unnecessary. Should Southwest be required to respond, it would admit that plaintiff's sole remaining claim, under 42 U.S.C. § 1981, arises under federal law, admit that this Court has the authority to grant monetary relief, and deny each of the remaining allegations in paragraph six.

7. Southwest admits that the events alleged in the Complaint took place at the Dulles International Airport and that Southwest does regular business at Dulles International Airport. The remaining allegations in paragraph seven either constitute a conclusion of law (i.e., venue) or are beyond the knowledge of Southwest (whether the events occurred within the limits of Sterling, Virginia).

8. The allegation contained in paragraph eight constitutes a conclusion of law to which a response is unnecessary. Should Southwest be required to respond, it would deny that the amount in controversy exceeds $75,000.00, excluding interests and costs.

### Factual Allegations

9. Southwest admits the allegations in the first sentence of paragraph nine and lacks knowledge or information sufficient to admit or deny the remaining allegations in that paragraph.

10. Southwest lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph ten.

11. Southwest admits that the subject flight had open seating. Southwest can neither admit nor deny that plaintiff sat in the "first window seat on the left side of the plane," because it is unclear what is meant by "first window seat" and "left side of plane." Southwest lacks knowledge or information sufficient at this time to admit or deny the remaining allegations contained in paragraph 11.

12. Southwest admits the allegations contained in paragraph 12.

13. Southwest lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 13, except that it admits that plaintiff repeatedly glanced back and forth.

14. Southwest admits that the plane returned from near the runway to the gate but lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 14.

15. Southwest admits that plaintiff exited the plane but lacks knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 15.

16. Southwest lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 16.

17. Southwest lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 17.

18. Southwest lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 18.

19. Southwest lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 19 but avers that plaintiff applied the value of his ticket to a subsequent flight on Southwest between Dulles and Denver and return.

20. Because Southwest does not admit all of the allegations of actions taken by "the flight attendant," Southwest lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 20.

21. Because Southwest does not admit all of the allegations of actions taken by "the flight attendant," Southwest lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 21.

22. Because Southwest does not admit all of the allegations of actions taken by "the flight attendant," Southwest lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 22.

23. Because Southwest does not admit all of the allegations of actions taken by "the flight attendant," Southwest lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 23.

24. Because Southwest does not admit all of the allegations of actions taken by the pilot, Southwest lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 24.

25. Because Southwest does not admit all of the allegations of actions taken by the pilot, Southwest lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 25.

26. Because Southwest does not admit all of the allegations of actions taken by the pilot, Southwest lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 26.

27. Because Southwest does not admit all of the allegations of actions taken by the pilot, Southwest lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 27.[1]

## 42 U.S.C. § 1981
## Equal Rights Under the Law

31. Southwest incorporates by reference each of its responses to paragraphs 1 through 27 of the Complaint.

32. The allegations contained in paragraph 32 constitute conclusions of law to which a response is unnecessary. Should Southwest be required to respond, it would admit that the statute contains the language quoted in paragraph 32.

33. The allegations contained in paragraph 33 constitute conclusions of law to which a response is unnecessary. Should Southwest be required to respond, it would admit that the flight crew, including the pilot, were its employees and it would claim lack of knowledge or information sufficient to admit or deny the allegations respecting gate agents and ground security personnel because it does not know which specific persons are intended.

34. The allegations contained in paragraph 34 constitute conclusions of law to which a response is unnecessary.

35. Southwest denies the allegations contained in the first and third sentences of paragraph 35. The allegations contained in the second sentence of paragraph 35 constitute conclusions of law to which a response is unnecessary.

---

[1] Southwest does not respond to the paragraphs associated with Counts I, III, IV, V, and VI, all of which have been dismissed by the Court. Should a response nonetheless be required, all such allegations should be deemed denied.

## AFFIRMATIVE OR OTHER DEFENSES

A. Southwest is immune from liability pursuant to 49 U.S.C. § 44902(b).

B. The Complaint fails to state a claim on which the relief requested in prayer for relief paragraphs (a), (b), (c), (e), and (g) can be granted.


Dated: March 20, 2014                    Respectfully submitted,

                                                               SOUTHWEST AIRLINES CO.
                                                               By Counsel

SCHNADER HARRISON SEGAL & LEWIS LLP

By: /s/ *Jonathan M. Stern*
Jonathan M. Stern (Va. Bar No. 41930)
750 Ninth Street, NW
Suite 550
Washington, DC 20001
Telephone: (202) 419-4202
Telefax: (202) 419-4252
Email: jstern@schnader.com

6

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 20th day of March 2014, I will file this Answer on the Court's Case Management/Electronic Case Filing System and that to my knowledge and belief plaintiff's counsel, whose details follow, will receive a Notice of Electronic Filing through ECF.:

>Thomas R. Breeden, Esq.
>Thomas R. Breeden, P.C.
>10326 Lomond Drive
>Manassas, Virginia 20109
>Telephone: (703) 361-9277; Telefax: (703) 257-2259
>trb@tbreedenlaw.com

By: /s/*Jonathan M. Stern*
Jonathan M. Stern (Va. Bar No. 41930)
SCHNADER HARRISON SEGAL & LEWIS LLP
750 Ninth Street, NW
Suite 550
Washington, DC 20001
Telephone: (202) 419-4202
Telefax: (202) 419-4252
Email: jstern@schnader.com
 Counsel for Southwest Airlines Co.