IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| CHIRAG SHAH, | |
| Plaintiff, | |
| vs. | Civil Action No. 1:13CV1481 AJT/JFA |
| SOUTHWEST AIRLINES, *et al.*, | |
| Defendants. | |

**MOTION IN LIMINE TO EXCLUDE EVIDENCE
OF SOUTHWEST'S LIABILITY INSURANCE WITH
ASSOCIATED MEMORANDUM OF LAW**

Southwest Airlines Co. ("Southwest") hereby moves *in limine* to exclude any evidence of its liability insurance.

**I.     INTRODUCTION AND BACKGROUND**

Southwest is insured against aviation-related liabilities by a consortium of insurers, United States Aviation Insurance Group, through United States Aviation Underwriters. In discovery in this case, Southwest produced documents to plaintiff that reflected that a letter responding to plaintiff's pre-litigation complaint had been emailed in draft to William F. Ranieri, an attorney employed by United States Aviation Underwriters.[1] Mr. Ranieri suggested inserting the phrase, "due to safety-related issues" in the letter so that the affected sentence would read: "You were denied boarding on Flight #392 due to safety-related issues in accordance with our Contract of Carriage." The letter was sent with the suggested addition.

---

[1] The pertinent documents are attached as Exhibit A.

The sender of that letter, Elizabeth Behrens, was deposed in this case. She was asked about, and testified as to, the role of the insurance company's attorney. She explained that the letter was accurate with or without the added phrase.[2]

## II.   ARGUMENT

### A.   All evidence of insurance should be excluded as irrelevant.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence must be relevant to be admissible. Fed. R. Evid. 402. Evidence of Southwest's liability insurance is inadmissible because no fact that would be made more or less probable by the evidence of Mr. Ranieri's involvement in the letter to the plaintiff is of consequence in determining this action.

The issues in this case are whether Southwest intentionally discriminated against the plaintiff because of his race and whether the Captain's decisions to return to the gate and refuse passage to the plaintiff were arbitrary or capricious.[3] Mr. Ranieri's involvement—more than a month after the events—in a letter from the Customer Relations Department has no bearing on the issues.

All evidence of insurance should be excluded as irrelevant.

### B.   All evidence of insurance should be excluded under Rule 411.

Rule 411 of the Federal Rules of Evidence provides that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted … wrongfully." The Rule gives discretion to a court to admit such evidence "for another purpose,

---

[2] Ms. Behren's deposition transcript is attached as Exhibit B.

[3] *See* Southwest's Memorandum of Points and Authorities In Support of Motion for Summary Judgment or, In the Alternative, for Partial Summary Judgment. Doc. No. 37.

such as proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411, advisory committee notes to 2011 amendments. There is no other purpose for this evidence in this case. Neither Mr. Ranieri nor any other employee of United States Aviation Underwriters appears on the parties' witness lists. There are no issues of ownership or control in the case.

      C.      **All evidence of insurance should be excluded under Rule 403.**

If there were any relevance to the evidence of Southwest's liability insurance or the involvement of its insurer in editing a letter to the plaintiff, it is so remote and tenuous that it is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and waste of time. Knowledge of the presence of liability insurance is widely believed to "induce juries to decide cases on improper grounds." Fed. R. Evid. 411, advisory committee notes to 1972 proposed rules; *Posttape Associates v. Eastman Kodak Co.*, 537 F.2d 751, 758 (3d Cir. 1976) ("Generally, evidence of liability coverage is not admissible when a party is accused of acting wrongfully because of the likelihood for spillover between insurance and inference of fault. Knowledge that a party is insured may also affect a verdict if the jury knows that some of the loss has been paid by insurance or that it would satisfy a judgment against a defendant.").

### III.    CONCLUSION

For the foregoing reasons, any evidence, testamentary or documentary, of Southwest's liability insurance should be excluded.

Dated: July 10, 2014                                                         Respectfully Submitted,

                                                                                                SOUTHWEST AIRLINES CO.
                                                                                                By Counsel

SCHNADER HARRISON SEGAL & LEWIS LLP

/s/ *Jonathan M. Stern*
Jonathan M. Stern (Va. Bar No. 41930)
Schnader Harrison Segal & Lewis LLP
750 Ninth Street, N.W., Suite 550
Washington, DC 20001-4534
Phone: 202-419-4202
Fax:    202-419-4252
Email: jstern@schnader.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 10th day of July 2014, I filed this Motion In Limine To Exclude Evidence Of Southwest's Liability Insurance With Associated Memorandum Of Law using the Court's ECF filing system, which will provide a copy to:

> Thomas R. Breeden, Esq.
> Thomas R. Breeden, P.C.
> 10326 Lomond Drive
> Manassas, Virginia 20109
> Telephone: (703) 361-9277; Telefax: (703) 257-2259
> trb@tbreedenlaw.com

By: /s/*Jonathan M. Stern*
Jonathan M. Stern (Va. Bar No. 41930)
SCHNADER HARRISON SEGAL & LEWIS LLP
750 Ninth Street, NW
Suite 550
Washington, DC 20001
Telephone: (202) 419-4202
Telefax: (202) 419-4252
Email: jstern@schnader.com