IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

CHIRAG SHAH,

    Plaintiff,

vs.

SOUTHWEST AIRLINES, *et al.*,

    Defendants.

Civil Action No. 1:13CV1481 AJT/JFA

## MOTION IN LIMINE TO EXCLUDE EVIDENCE OF AVA ALLEY'S REFERENCE TO "MIDDLE EASTERN LOOKING MEN" IN HER COMPANY REPORT WITH ASSOCIATED MEMORANDUM OF LAW

Southwest Airlines Co. ("Southwest") hereby moves *in limine* to exclude any evidence of the reference in the report completed by flight attendant Ava Alley to "middle eastern looking men."

**I.  INTRODUCTION AND BACKGROUND**

Ava Alley was the "B" flight attendant on Flight 392. The "B" flight attendant is responsible for the rear of the cabin on Southwest flights.[1] The two passengers removed from Flight 392 were seated in the very first row of the airplane.[2] Not surprisingly, then, Ms. Alley was not involved in the events that led to the plaintiff's removal from Flight 392.[3]

---

[1] Ramos Depo. (Doc. No. 36-15) at 8, 20-21; Paschall Depo. (Doc. No. 36-13) at 6-7, Exhibit 1 (Doc. No. 36-14; hereinafter, "Paschall Irregularity Report") at 1; Alley Depo. (Doc. No. 36-1) at 6-7, 10, 13.

[2] Statement of Stipulated Material Facts (Doc. No. 27; hereinafter "Stip.", #7); Shah Depo. (Doc. No. 36-17) at 29, Exhibit 1.

[3] Alley Depo. at 9-10, 13-14, Alley Exhibit 1 (Doc. No. 36-2; hereinafter, "Alley Irregularity Report") at 1.

Ms. Alley first learned that there was an issue when the captain announced over the airplane's public address system that the airplane was returning to the gate.[4] She had no interaction with either of those passengers.[5]

Ms. Alley first saw the removed passengers after they were removed when she walked to the front of the airplane.[6] She discussed the event with the other flight attendants only after it was over and she did not recall either of the other flight attendants describing the men as Middle Eastern.[7]

The only mention of race in any of the reports prepared by Southwest's employees is in the report prepared by Ms. Alley. When she completed a company report the afternoon after the flight, she wrote:

> I did not witness the event,.. all I knew was that we had aborted take-off from the Captain announcing we had to go back to the gate for a passenger incidence. As soon as we arrived at the gate, & the doors were disarmed, two police persons came aboard and escorted 2 middle eastern looking men off the plane. After some time, we closed the doors and pushed back without them.[8]

## II. ARGUMENT

### A. All evidence of Ms. Alley's reference to "2 middle eastern looking men" should be excluded as irrelevant.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining

---

[4] Alley Depo. at 9.

[5] Alley Depo. at 9.

[6] Alley Depo. at 9-10.

[7] Id. at 15, 26. Flight Attendant Shannon Ramos confirmed that she did not discuss the events with Alley at any time during the flight. Ramos Depo. at 38. Flight Attendant Paschall only told Ms. Alley on the airport bridge that she had to ask one of the passengers four times to fasten his seat belt. Paschall Depo. at 27; Alley Depo. at 23. Captain Cannon may have talked to her in the airport bridge. Cannon Depo. (Doc. No. 36-6) at 26.

[8] Alley Irregularity Report at 1 (ellipsis in original).

the action." Fed. R. Evid. 401. Evidence must be relevant to be admissible. Fed. R. Evid. 402. Evidence of Ms. Alley's reference to "2 middle eastern looking men" is inadmissible because no fact that would be made more or less probable by the evidence is of consequence in determining this action.

The issues in this case are whether Southwest intentionally discriminated against the plaintiff because of his race and whether the Captain's decisions to return to the gate and refuse passage to the plaintiff were arbitrary or capricious.[9] Ms. Alley's description of the removed passengers in a report she prepared the day after the event has no bearing on the issues. She was not involved in the events. She did not make any of the observations that were conveyed to the captain. She did not speak with the captain or the flight attendants who were involved in the incident until it was over, and she did not recall anyone else referring to the two passengers as Middle Eastern looking.

Plaintiff might argue that her testimony should be admitted to establish that the crewmembers might have perceived the removed passengers to be Middle Eastern. Such testimony, however would be cumulative and unnecessary. First, the jury will get to see plaintiff, and the other removed passenger is on plaintiff's witness list. Second, Captain Cannon acknowledged in his deposition that the men appeared to be Middle Eastern.[10]

All evidence of Alley's reference to "middle eastern looking men" should be excluded as irrelevant.

---

[9] *See* Southwest's Memorandum of Points and Authorities In Support of Motion for Summary Judgment or, In the Alternative, for Partial Summary Judgment. Doc. No. 37.

[10] Cannon Depo. at 35-6.

B.  **All evidence of Ms. Alley's reference to "2 middle eastern looking men" should be excluded under Rule 403.**

If there were any relevance to the evidence of Ms. Alley's reference to "2 middle eastern looking men," it is so remote and tenuous that it is substantially outweighed by the dangers of unfair prejudice and confusion of the issues. Ms. Alley was not involved in the events that bring this matter to court. The risk that this evidence will cause the jury to focus on Ms. Alley's biases or decide the case on an improper basis far outweighs the negligible probative value, of which we believe there is none.

### III.  CONCLUSION

For the foregoing reasons, any evidence of Ms. Alley's reference to "2 middle eastern looking men" should be excluded.

Dated:  July 10, 2014                                   Respectfully submitted,

                                                        SOUTHWEST AIRLINES CO.
                                                        By Counsel

SCHNADER HARRISON SEGAL & LEWIS LLP

By: /s/ *Jonathan M. Stern*
Jonathan Stern (Va. Bar No. 41930)
Schnader Harrison Segal & Lewis LLP
750 Ninth Street, N.W., Suite 550
Washington, DC 20001-4534
Phone: 202-419-4202
Fax:    202-419-4252
Email: jstern@schnader.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 10th day of July 2014, I filed this Motion In Limine To Exclude Evidence Of Ava Alley's Reference To "Middle Eastern Looking Men" In Her Company Report With Associated Memorandum Of Law using the Court's ECF filing system, which will provide a copy to:

>Thomas R. Breeden, Esq.
>Thomas R. Breeden, P.C.
>10326 Lomond Drive
>Manassas, Virginia 20109
>Telephone: (703) 361-9277; Telefax: (703) 257-2259
>trb@tbreedenlaw.com

>By: /s/ *Jonathan M. Stern*
>Jonathan M. Stern (Va. Bar No. 41930)
>SCHNADER HARRISON SEGAL & LEWIS LLP
>750 Ninth Street, NW
>Suite 550
>Washington, DC 20001
>Telephone: (202) 419-4202
>Telefax: (202) 419-4252
>Email: jstern@schnader.com