1005QN

**Time of Request:** Thursday, July 24, 2014   11:16:54 EST
**Client ID/Project Name:** 3014230-0001
**Number of Lines:** 217
**Job Number:**      1825:473339379

Research Information

**Service:**   LEXSEE(R) Feature
**Print Request:** Current Document: 1
**Source:** Get by LEXSEE(R)
**Search Terms:** 490 Fed. Appx. 540

**Send to:**  Stern, Jonathan
              SCHNADER HARRISON SEGAL & LEWIS
              750 9TH STREET NW
              WASHINGTON, DC 20006-1825





Analysis
As of: Jul 24, 2014

**GLENN ARRINGTON, Plaintiff - Appellant, v. E.R. WILLIAMS, INC.; E. RANDY WILLIAMS, JR., Defendants - Appellees.**

No. 12-6123

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

*490 Fed. Appx. 540*; *2012 U.S. App. LEXIS 16046*

**May 17, 2012, Submitted
August 1, 2012, Decided**

**NOTICE:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [**1]
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. (1:11-cv-00535-JCC-TCB). James C. Cacheris, Senior District Judge.
*Arrington v. ER Williams, Inc., 2011 U.S. Dist. LEXIS 144909 (E.D. Va., Dec. 16, 2011)*

**DISPOSITION:** AFFIRMED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellant former employee alleged that appellees, his former employer and its CEO, terminated him on account of race, in violation of *42 U.S.C.S. § 1981*. He appealed the decision by the United States District Court for the Eastern District of Virginia, at Alexandria, entering summary judgment in favor of appellees.

**OVERVIEW:** The employee unsuccessfully challenged the district court's consideration of several pieces of evidence. His argument that much of the evidence relied on by the district court was hearsay that should not have been considered flowed from a misunderstanding of hearsay. The third-party statements concerning the employee's performance were offered not for the truth of the matters asserted therein, but as an explanation of why appellees believed that terminating him was necessary and appropriate. The employee unsuccessfully argued that the district court erred in granting summary judgment to appellees. He did not meet his burden of proving a prima facie case of employment discrimination. He failed to show that his job performance met his employer's legitimate expectations at the time of his discharge. During his leave of absence, the CEO and other executives received a wealth of evidence detailing his misconduct in the workplace. Reviewing those complaints, the CEO and other supervisors felt that the employee was unfit to continue work in his position at the Virginia office.

**OUTCOME:** The judgment of the district court was affirmed.

**LexisNexis(R) Headnotes**

*Civil Procedure > Appeals > Standards of Review > Abuse of Discretion*
*Evidence > Procedural Considerations > Rulings on Evidence*
[HN1] An appellate court reviews a district court's evidentiary rulings for an abuse of discretion.

*Evidence > Hearsay > Rule Components > Truth of Matter Asserted*
[HN2] Under the Federal Rules of Evidence, hearsay is, in critical part, a statement that a party offers in evidence to prove the truth of the matter asserted in the statement. *Fed. R. Evid. 801(c)*. It follows, then, that a statement is not hearsay where the proponent offers it not to prove the truth of the matter asserted but rather for another purpose.

*Evidence > Hearsay > Rule Components > Truth of Matter Asserted*
*Labor & Employment Law > Discrimination > Actionable Discrimination*
[HN3] In an employment discrimination case, where third-party statements concerning an employee's performance are offered not for the truth of the matters asserted therein, but as an explanation of why an employer believes that terminating the employee was necessary and appropriate, the evidentiary rules governing the consideration of hearsay are not implicated.

*Civil Procedure > Appeals > Reviewability > Preservation for Review*
[HN4] When an appellant did not raise a ground for objection before the district court, that ground had been waived on appeal.

*Civil Procedure > Summary Judgment > Appellate Review > Standards of Review*
*Civil Procedure > Summary Judgment > Evidence*
*Civil Procedure > Summary Judgment > Standards > Appropriateness*
*Civil Procedure > Appeals > Standards of Review > De Novo Review*
[HN5] An appellate court reviews de novo a district court's grant of summary judgment, viewing the facts in the light most favorable to the nonmoving party.

*Civil Procedure > Summary Judgment > Burdens of Production & Proof > Movants*
*Civil Procedure > Summary Judgment > Standards > Appropriateness*
*Civil Procedure > Summary Judgment > Standards > Genuine Disputes*
*Civil Procedure > Summary Judgment > Standards > Legal Entitlement*
*Civil Procedure > Summary Judgment > Standards > Materiality*
[HN6] Summary judgment is appropriate if the moving party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. *Fed R. Civ. P. 56(a)*.

*Civil Procedure > Summary Judgment > Burdens of Production & Proof > Nonmovants*
*Civil Procedure > Summary Judgment > Burdens of Production & Proof > Scintilla Rule*
[HN7] In deciding a motion for summary judgment, the mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could reasonably find for the nonmovant.

*Civil Procedure > Summary Judgment > Burdens of Production & Proof > Nonmovants*
*Civil Procedure > Summary Judgment > Opposition > General Overview*
*Civil Procedure > Summary Judgment > Standards > Legal Entitlement*
*Evidence > Procedural Considerations > Burdens of Proof > Allocation*
[HN8] A nonmoving party cannot resist summary judgment through mere speculation or the building of one inference upon another. Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law.

*Evidence > Procedural Considerations > Burdens of Proof > Allocation*
*Labor & Employment Law > Discrimination > Disparate Treatment > Employment Practices > Adverse*

*Employment Actions > Discharges & Failures to Hire*
*Labor & Employment Law > Discrimination > Disparate Treatment > Proof > Burdens of Proof*

[HN9] A plaintiff alleging discriminatory discharge must establish a prima facie case. A prima facie case of employment discrimination comprises four elements: (1) membership in a protected class, (2) an adverse employment action, (3) performance at a level meeting the employer's legitimate expectations at the time of the adverse employment action, and (4) more favorable treatment given similarly situated employees outside of the protected class. In evaluating whether a plaintiff has met his burden of demonstrating a prima facie case of employment discrimination, a court's focus is on the perception of the decision maker.

**COUNSEL:** David Ludwig, DUNLAP, GRUBB & WEAVER, PC, Leesburg, Virginia; Henri T. Hammond, Washington, D.C., for Appellant.

Teresa Burke Wright, Amanda Vaccaro, JACKSON LEWIS, LLP, Reston, Virginia, for Appellees.

**JUDGES:** Before AGEE, DAVIS, and DIAZ, Circuit Judges.

**OPINION**

[*541] PER CURIAM:

Glenn Arrington sued E.R. Williams, Inc. ("ERW") and its CEO, E. Randy Williams, Jr., alleging that they terminated his employment on account of race, in contravention of federal law. The district court entered summary judgment in favor of ERW and Williams ("Appellees"), and Arrington appealed. Agreeing with the district court that Arrington has failed to establish a prima facie case of discrimination, we affirm.

I.

A.

A federal contractor, ERW provides financial and administrative services and support to government agencies. Arrington, an African American, joined ERW's Virginia office as an employee, becoming the program manager for the company's contract to staff the TRICARE Management Activity and Health Affairs Front Offices. In this capacity, Arrington was responsible [**2] for fostering client relationships, managing employees, and developing business.

After receiving reports that Kelli Anthony, a former ERW employee, had accused Arrington of sexual harassment, Williams, an African American, placed Arrington on administrative leave in April 2010. Williams then hired an outside contractor to investigate Anthony's allegations and other evidence of Arrington's misconduct in the workplace.

The ensuing investigative report cataloged accounts from four subordinates of Arrington at ERW, all of whom accused him of improprieties. Cheryl Thomas [*542] stated that Arrington made false promises about the position that she filled, assuring her that it would involve research analysis when it was actually purely administrative. According to Thomas, Arrington also promised that he would ensure that she received additional pay for overtime hours, but he failed to keep that promise. Anthony repeated her assertions that Arrington sexually harassed her, making unwanted sexual advances toward her, asking her out on dates several times, and calling her "at all hours of the night." J.A. 146. Nneka Pray stated that Arrington approached attractive women to encourage them to work for [**3] ERW and then changed his favored candidates' résumés to meet qualifications. A final employee, Jennifer Sheppard, alleged that Arrington induced her to leave her prior employment to join ERW in a position for which he knew that she was not qualified. Although Arrington repeatedly assured her that she could handle the duties, Sheppard was ultimately discharged for inadequate performance.

At the same time that the investigation was taking place, ERW executives received complaints about Arrington from three separate clients. All three clients informed the executives that they did not want Arrington to continue to do any work in their offices.

Initially hesitant to discharge Arrington, Williams sought counsel from his attorney and two ERW executives, all of whom recommended terminating Arrington's employment. Williams agreed that Arrington could not continue in his current position, a decision that he characterized as grounded in "what [he] thought was right and what was at risk for [his] company." Id. 600. Based on the results of the investigation, Williams concluded that Arrington "was a liability to the company" and that his continued employment would "create unrest within the employees [**4] . . . [and] with the clients."

Id. 643. At bottom, Williams thought that the numerous complaints from employees and clients alike revealed Arrington's ineffective leadership.

But rather than discharge Arrington outright, Williams offered to transfer him to ERW's Huntsville, Alabama office. In a May 27 email, ERW gave Arrington a little over a week to either accept the transfer offer or face termination from the company. On June 15, ERW reiterated to Arrington that he would be terminated if he declined to accept the Alabama position. After he refused the new position, ERW officially discharged Arrington on June 17 for his "inability to be an effective manager and leader." Id. 198.

B.

Arrington responded to his discharge by filing suit in the U.S. District Court for the Eastern District of Virginia. He alleged that ERW and Williams discharged him on account of his race, in violation of *42 U.S.C. § 1981*. [1]

Appellees moved for summary judgment. Holding that Arrington had failed to establish a prima facie case of employment discrimination, the district court entered summary judgment in favor of Appellees. Arrington timely noted this appeal.

> [1] Arrington's initial complaint included a count alleging [**5] defamation, but he struck that claim from his amended complaint.

II.

Arrington first challenges the district court's consideration of several pieces of evidence. [HN1] Ascertaining no abuse of discretion in the district court's evidentiary rulings, see *King v. McMillan, 594 F.3d 301,* [*543] *310 (4th Cir. 2010)*, we reject Arrington's claims.

Arrington argues principally that much of the evidence relied on by the district court was hearsay that should not have been considered. This contention, however, flows from a misunderstanding of hearsay. [HN2] Under the Federal Rules of Evidence, "hearsay" is, in critical part, a statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." *Fed. R. Evid. 801(c)*. It follows, then, that a statement is not hearsay where the proponent offers it not to prove the truth of the matter asserted but rather for another purpose.

Here, as the district court properly ruled, evidence of employee and client complaints about Arrington's performance was considered because ERW and Williams's "decisionmaking was under challenge, and [they] explained it on the basis of the information [they] received," *Crockett v. Abraham, 284 F.3d 131, 134, 350 U.S. App. D.C. 296 (D.C. Cir. 2002)*. [**6] [HN3] Where, as here, "third-party statements concerning the plaintiff's performance are offered not for the truth of the matters asserted therein, but as an explanation of why [the employer] believed that terminating the plaintiff's employment . . . was necessary and appropriate," evidentiary rules governing the consideration of hearsay are not implicated. See *Royall v. Nat'l Ass'n of Letter Carriers, 507 F. Supp. 2d 93, 98 n.10 (D.D.C. 2007)*. [2]

> [2] Arrington also maintains that the evidence of employee and client complaints was not relevant. Alternatively, he claims that the district court should have refused to consider the evidence because the danger of unfair prejudice substantially outweighed the probative value of the evidence. [HN4] Arrington, however, did not raise these grounds for objection before the district court and thus has waived them on appeal.

III.

Arrington next contends that the district court erred in granting summary judgment to Appellees. [HN5] We review de novo the district court's grant of summary judgment, viewing the facts in the light most favorable to the nonmoving party. *EEOC v. Xerxes Corp., 639 F.3d 658, 668 (4th Cir. 2011)*. [HN6] Summary judgment is appropriate if the moving party [**7] "shows that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." *Fed R. Civ. P. 56(a)*. [HN7] "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)*. [HN8] A nonmoving party cannot resist summary judgment "'through mere speculation or the building of one inference upon another.'" *Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008)* (citation omitted); see also *Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 308 (4th Cir. 2006)* ("Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the

undisputed evidence indicates that the other party should win as a matter of law.").

Arrington maintains that he has met his burden of proving a prima facie case of employment discrimination. We find Arrington's contentions meritless and accordingly affirm the district court's grant of summary judgment.

[HN9] A plaintiff alleging discriminatory discharge must establish a prima facie case. *King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003)*. [**8] A prima facie case of employment discrimination comprises four elements: (1) membership in a protected class; (2) adverse employment action; (3) performance at a level meeting the employer's legitimate expectations at the time of the adverse employment action; and (4) [*544] more favorable treatment given similarly situated employees outside of the protected class. See *Gerner v. Cnty. of Chesterfield, 674 F.3d 264, 266 (4th Cir. 2012)*; *King, 328 F.3d at 149*. In evaluating whether a plaintiff has met his burden of demonstrating a prima facie case of employment discrimination, our focus is on the perception of the decision maker. *Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 960-61 (4th Cir. 1996)*.

Because Arrington has failed to show that his job performance at ERW met ERW's legitimate expectations at the time of his discharge, we hold that he has not satisfied his burden of establishing a prima facie case of employment discrimination. During the approximately six weeks that Arrington was on administrative leave, Williams and other ERW executives received a wealth of evidence detailing Arrington's misconduct in the workplace. Four of Arrington's subordinates lodged complaints about [**9] Arrington's job performance, including one employee's allegations that Arrington sexually harassed her. Moreover, three of ERW's clients expressed dissatisfaction with Arrington's work, directing ERW to remove him from any work involving them. Reviewing these complaints, Williams and other ERW supervisors felt that Arrington was unfit to continue work in his position at the Virginia office. Arrington has simply proffered no evidence that he was meeting ERW's expectations at the time of his discharge or that ERW and Williams harbored any nefarious motives in terminating his employment. Arrington is thus unable to resist summary judgment. 3

> 3   Because we conclude that Arrington has failed to demonstrate adequate job performance, we need not address his other challenges to the district court's decision.

IV.

For the foregoing reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

1005QN

********** Print Completed **********

Time of Request: Thursday, July 24, 2014   11:16:54 EST

Print Number:    1825:473339379
Number of Lines: 217
Number of Pages: 5

Send To:  Stern, Jonathan
          SCHNADER HARRISON SEGAL & LEWIS
          750 9TH STREET NW
          WASHINGTON, DC 20006-1825