IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

CHIRAG SHAH,                        |
                                    |
          Plaintiff,                |
                                    |
     vs.                            |          Civil Action No. 1:13CV1481 AJT/JFA
                                    |
SOUTHWEST AIRLINES, *et al.*,       |
                                    |
          Defendants.               |
_____ |

## DECLARATION OF JONATHAN M. STERN

1.   My name is Jonathan Michael Stern. I am lead counsel for Southwest Airlines Co. in this case.

2.   I am a member in good standing of the bars of this Court, Virginia, and approximately 12 other state and federal courts, including the Supreme Court of the United States and the United States Court of Appeals for the Fourth Circuit.

3.   In mid-March of this year, I initiated discussions with Mr. Breeden, one of the four lawyers representing the plaintiff in this case, about the need to involve the Transportation Security Administration ("TSA") early in the process if he wished to have TSA review documents Southwest would be withholding from production because they contained Sensitive Security Information ("SSI") for possible removal from the SSI categorization.

4.   I told Mr. Breeden that Southwest would voluntarily provide all documents it would withhold from production on the basis of containing SSI to TSA for review for this purpose and invited him to identify a contact at TSA to receive them. This was confirmed in a March 24, 2014, letter, a true copy of which is attached as Exhibit 1, that I emailed to Mr. Breeden.

5.   On April 4, 2014, Mr. Breeden called me to discuss deposition scheduling and TSA review of the SSI. On the latter topic, Mr. Breeden said it was his understanding that a court order directing TSA to undertake the review would be necessary.

6.   Later that day, Mr. Breeden emailed me a draft of a proposed Consent Order. A true copy of his email and its attachment are attached as Exhibit 2.

7.   It did not make sense to me that TSA review of SSI designations should require a court order if we both agreed to the review, so I ran the issue by a TSA lawyer with whom I happened to be attending a conference in Dallas that day. That lawyer suggested I email a colleague of his, Emily H. Su, the Assistant Chief

Counsel, Civil Enforcement, Transportation Security Administration, which I did. A true copy of a string of emails between Ms. Su and me from April 4, to April 8, 2014 is attached as Exhibit 3.

8.    In the first email, I explained:

I represent an air carrier in litigation in the Eastern District of Virginia. The plaintiff requested production of documents, many of which are SSI. Both sides are amenable to submitting the withheld documents to TSA for review to determine whether any of the documents may be produced to plaintiff. Plaintiff's counsel advised me that he was told TSA will need a court order in order to undertake the review. That struck me as odd, therefore my conversation with Richard and this email.

Would you please advise whether we may submit the documents to TSA for review without first obtaining a court order.

9.    In her response on April 7th, Ms. Su wrote:

Did the plaintiff cite any reason for why TSA would need a court order to review SSI documents? Are these documents limited in scope to documents that exist between TSA and the air carrier? If so, I can't think of any reason why TSA would need a court order to review them. Even if they are proprietary SSI documents that the air carrier created, if both parties agree to submit to the review (or if they are related to compliance), TSA would not need a court order. Perhaps I'm missing something?

Feel free to email me any additional information you think might be helpful. Once I have more information, I'll check with a few of our other offices to confirm our thinking.

10.   That day, I emailed a letter to Mr. Breeden to share what I had learned. A true copy of the letter is attached as Exhibit 4. It included:

[M]y contact at the Transportation Security Administration questions the need for a court order to initiate review of Southwest's sensitive security information. She is confirming the information, after which we will submit the withheld SSI documents for the review. I will keep you apprised and let you know if, contrary to initial indications, the court order is necessary.

11.   On April 8th, I responded to Ms. Su's April 7th email. My response included:

Thank you, Emily. The documents are manual provisions and training documents (PDF, PowerPoint, and video) that are designated as SSI. No reason was given by Plaintiff's counsel for the court order, but he said that he was told by someone from TSA that a court order was required, which made no sense to me.

PHDATA 4996756_1

12.     That same day, I received an email from Kathleen C. Gannon, Attorney-Advisor, Office of Chief Counsel, Transportation Security Administration. Her email is included in Exhibit 3. Ms. Gannon wrote:

I am an attorney in the federal court litigation group in the Office of Chief Counsel at TSA.  The matter discussed below has been referred to me for coordination of the SSI review.  As you thought, there is no need for a court order before TSA performs the SSI review.  Indeed, covered parties are required by regulation to refer all such requests to TSA.  *See* 49 C.F.R. § 1520.9(a)(3).  Can you please provide additional information regarding the litigation (party names, case number), a list of the responsive materials that you think might constitute SSI, and contact information for plaintiff's counsel?  Once I have that information, I will send you a letter detailing the relevant SSI authorities and the process for this type of SSI review, with a copy to plaintiff's counsel.

13.     Within the hour, I responded:

I am attaching the privilege log that we—on behalf of Southwest Airlines—served in the case, along with the objections we served to the requests for production of documents. Between these two documents, you will have the case caption, the parties, and the name and address for plaintiff's counsel (Tom Breeden on the certificate of service).

Please let me know if you need anything further from me, and I will look forward to receiving your letter.

14.     On April 14th, Ms. Gannon emailed me (with a copy to Mr. Breeden) a letter explaining TSA's authority to regulate SSI and the review process that would be undertaken. A true copy of the letter is attached as Exhibit 5. The letter (with emphasis added by **bold font** and <u>underlining</u>) cautioned against any illegal release of SSI, including to plaintiff's counsel:

As a general matter, SSI may only be disclosed to "covered persons who have a need to know, unless otherwise authorized in writing by TSA." <u>Id.</u> § 1520.9(a)(2); <u>see also</u> U.S.C. § 114(r). For example, SSI may be released to individuals or entities (such as air carriers) to "carry out security activities approved, accepted, funded, recommended, or directed by DHS or DOT." 49 C.F.R. § 1520.11(a)(1). The regulations impose on covered persons an express duty to protect the information. <u>See id.</u> § 1520.9. Specifically, the regulations require that such persons must "[t]ake reasonable steps to safeguard SSI … from unauthorized disclosure," and "[r]efer requests by other persons for SSI to TSA or the applicable component or agency within DOT or DHS." <u>Id.</u> Violation of these and additional non-disclosure requirements "is grounds for a civil penalty and other enforcement or corrective action." <u>Id.</u> § 1520.17.

<center>*     *     *</center>

PHDATA 4996756_1

Security programs, security measures, security training materials, as well as other information, constitute SSI. <u>See</u> 49 C.F.R. § 1520.5(b). Such information may not be disclosed to unauthorized persons in any way, including via documents or testimony. Plaintiff and his attorney are not "covered persons who have a need to know." <u>Id.</u> § 1520.9(a)(2); <u>see also</u> <u>id.</u> § 1520.7 (defining "covered persons"). **<u>Southwest is prohibited from disclosing SSI to Plaintiff and his attorney without TSA's express authorization</u>**.

15.     Ms. Gannon's letter also offered Mr. Breeden a procedure to gain access to SSI to prepare plaintiff's case. In that respect, she wrote:

If TSA determines that materials responsive to Plaintiff's discovery requests contain SSI and Plaintiff believes that he has a substantial need for that SSI in the preparation of his case, his attorney may seek access pursuant to Section 525(d) of the Department of Homeland Security Appropriations Act, 2007, Pub. L. 109-295, § 525(d), 120 Stat. 1382 (Oct. 4, 2006), as reenacted, ("Section 525(d)"). Any such applications should be sent directly to me.

16.     On April 17, 2014, I sent by overnight delivery a DVD containing the withheld SSI to Ms. Gannon at TSA. A true copy of the cover letter is attached as Exhibit 6.

17.     Ms. Gannon acknowledged receipt of the DVD by email dated April 22, 2014. A true copy of the email I received, on which Mr. Breeden was copied, is attached as Exhibit 7.

18.     On June 2, 2014, Ms. Gannon emailed me to advise that the SSI review was taking longer than expected. "If there is a specific date by which you need the reviewed materials, that would be helpful to know so that we can allocate our resources accordingly," Ms. Gannon wrote. A true copy of her email is attached as Exhibit 8.

19.     Because Ms. Gannon had not copied Mr. Breeden on the email, I forwarded it to him that day with this note: "I received the below this morning. Shall I advise when our final pre-trial date is and ask if they can have it done before then?" A true copy of the email I sent to Mr. Breeden is attached as Exhibit 9.

20.     Mr. Breeden responded, "Yes. That would probably be good. Thanks." A true copy of Mr. Breeden's email to me is attached as Exhibit 10.

21.     With Mr. Breeden's input in hand, I replied to Ms. Gannon's email, advising "The final pre-trial conference in the case is June 19th. It would be helpful to all concerned to know before then what will and will not be available for use at trial." Ms. Gannon replied shortly thereafter, "Thanks for your response. We will work to provide the reviewed materials to you in advance of the June 19th conference." A true copy of the email string containing both emails is attached as Exhibit 11.

22.     On June 18, 2014, Ms. Gannon sent an email to me and Mr. Breeden (a true copy of which is attached as Exhibit 12) in which she wrote:

> TSA has been working diligently to complete the SSI review for this case in advance of your final pre-trial conference tomorrow. Despite the agency's best efforts, at this point it seems unlikely that we will be able to provide you with fully redacted versions of the SSI documents you submitted by tomorrow morning. We will continue working to complete the review as soon as possible. Please continue to keep us apprised of any relevant court deadlines, and we will do our best to accommodate them. Please contact me if you have any questions.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Jonathan M. Stern
Executed at Rockville, Maryland on July 23, 2014

PHDATA 4996756_1












750 9TH STREET, NW SUITE 550
WASHINGTON, DC 20001-4534
202.419.4200  FAX 202.419.3454  schnader.com

March 24, 2014

Jonathan M. Stern
Direct Dial 202-419-4202
Direct Fax 202-419-4252
E-mail: jstern@schnader.com

**VIA EMAIL – trb@breedenlaw.com**
Thomas R. Breeden, Esq.
Thomas R. Breeden, PC
10326 Lomond Drive
Manassas, Virginia 20109

Re:   *Chirag Shah v. Southwest Airlines, et al.*
      **USDC for the Eastern District of Virginia**
      **Civil Action No. 1:13-cv-1481 (AJT/JFA)**

Dear Mr. Breeden:

By separate email, we are producing documents in accordance with *Southwest's Responses to Plaintiff Chirag Shah's First Request for Production of Documents*. The documents are in a single PDF. The pages of the PDF are numbered SWA000001 through SWA000319. The PDF is large and, if it does not make it to you by email, let us know and we will provide it through a DropBox link.

The documents listed on the privilege log that have been collected are also assembled and numbered. The attached revised Privilege Log includes the associated Bates Numbers. Where there is a "D" in the # column, the documents were a duplicate of another listed document. As we discussed during our meet and confer last week, if you provide a contact at the Transportation Security Administration, we will be pleased to provide the documents designated as Sensitive Security Information to that person for the statutory review.

Sincerely,

Jonathan M. Stern
For SCHNADER HARRISON SEGAL & LEWIS LLP

Attachment



**Stern, Jonathan M.**

| | |
|---|---|
| **From:** | Thomas R. Breeden <trb@tbreedenlaw.com> |
| **Sent:** | Friday, April 04, 2014 11:39 AM |
| **To:** | Stern, Jonathan M. |
| **Cc:** | Sanjay Sethi; Heather Damewood |
| **Subject:** | Shah - sensitive security information |
| **Attachments:** | draft oder for tsa review of sensistive security information.doc |

Jon

Attached is a draft order regarding the TSA review of the sensitive security information.  Please look it over and let me know any revisions you may have.  I will get back to you on the proposed dates for the depositions of your witnesses.

Thanks and have a good weekend.

Tom

Thomas R. Breeden, P.C.
Attorneys and Counselors At Law
10326 Lomond Drive
Manassas, Virginia 20109
telephone (703) 361-9277
facsimile (703) 257-2259
www.tbreedenlaw.com

The information contained in this electronic message is intended only for the use of the individual named above and may contain information that is privileged or confidential. If the recipient of this message is not the intended recipient, please notify us immediately by telephone at (703) 361-9277 and purge the communication immediately without making any copy or distribution. Thank you.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| _____ ) | |
| CHIRAG SHAH, ) | |
| ) | |
| Plaintiff, ) | Case No. 13-cv-1481 (AJT/JFA) |
| ) | |
| v. ) | |
| ) | |
| SOUTHWEST AIRLINES, *et al.* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## CONSENT ORDER

This matter comes before the Court on the agreement of the parties to have the court order review of sensitive security information.  Plaintiff has submitted discovery requests to Defendant Southwest Airlines.  Defendant Southwest Airlines has withheld certain responses, designating them as Sensitive Security Information pursuant to 49 C.F.R. §1520.  The parties have agreed to have TSA review the designated material to determine whether the material designated may be disclosed.

It is therefore Ordered that the Defendant shall submit the material designated as Sensitive Security Information to the TSA for review and determination as to whether it may be disclosed to Plaintiff.

Entered this ___ day of April, 2014.

_____
US District Court Judge

1

WE ASK FOR THIS:


_____/s/_____
Thomas R. Breeden, VSB # 33410
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
Tel (703) 361-9277, facsimile (703) 257-2259
trb@tbreedenlaw.com

Reza Mazaheri, Esq.
Sethi & Mazaheri, LLC
9 Polifly Road, 2nd Floor
Hackensack, NJ  07601
201-606-2267
Facsimile 201-595-0957
mazaheri@sethimaz.com

*counsel for Plaintiff*


SEEN AND AGREED:


_____/S/_____
Jonathan M. Stern (VSB# 41930)
Schnader Harrison Segal & Lewis LLP
750 Ninth Street, NW
Suite 550
Washington, DC  20001
(202) 419-4202
(202) 419-4252 fax
jstern@schnader.com
*Counsel for Defendant*





**Stern, Jonathan M.**

| | |
|---|---|
| **From:** | Gannon, Kate <TSA OCC> <Kate.Gannon@tsa.dhs.gov> |
| **Sent:** | Tuesday, April 08, 2014 6:08 PM |
| **To:** | Stern, Jonathan M. |
| **Subject:** | RE: SSI Review |

Thank you, Jon.  I'll send out the letter shortly.

**From:** Stern, Jonathan M. [mailto:JStern@Schnader.com]
**Sent:** Tuesday, April 08, 2014 2:01 PM
**To:** Gannon, Kate <TSA OCC>
**Subject:** RE: SSI Review

Thank you, Kate.

I am attaching the privilege log that we—on behalf of Southwest Airlines—served in the case, along with the objections we served to the requests for production of documents. Between these two documents, you will have the case caption, the parties, and the name and address for plaintiff's counsel (Tom Breeden on the certificate of service).

Please let me know if you need anything further from me, and I will look forward to receiving your letter.

Best regards,

Jon

*Jonathan M. Stern*
*Counsel, Managing Attorney, Washington, DC Office*
*Admitted in DC, MD, PA, & VA*
Schnader Harrison Segal & Lewis LLP
750 9th Street, NW, Suite 550
Washington, DC 20001-4534
☎ 202.419.4202
📱 301-529-3671
Fax 202.419.4252
✉ jstern@schnader.com
🌐 www.schnader.com



This e-mail is from an attorney and may be privileged and confidential.  If you are not an intended recipient, please do not read or disclose the contents, send a reply email advising of the error, and delete all copies from your computer system. Thank you.

**From:** Gannon, Kate <TSA OCC> [mailto:Kate.Gannon@tsa.dhs.gov]
**Sent:** Tuesday, April 08, 2014 1:19 PM
**To:** Stern, Jonathan M.
**Subject:** RE: SSI Review

Jon,

I am an attorney in the federal court litigation group in the Office of Chief Counsel at TSA.  The matter discussed below has been referred to me for coordination of the SSI review.  As you thought, there is no need for a court order before TSA performs the SSI review.  Indeed, covered parties are required by regulation to refer all such requests to TSA.  *See* 49 C.F.R. § 1520.9(a)(3).  Can you please provide additional information regarding the litigation (party names, case number), a list of the responsive materials that you think might constitute SSI, and contact information for plaintiff's counsel?  Once I have that information, I will send you a letter detailing the relevant SSI authorities and the process for this type of SSI review, with a copy to plaintiff's counsel.

If you have any questions, please don't hesitate to contact me.  I can be reached at the number listed below.

Thank you,
Kate


Kathleen C. Gannon
Attorney-Advisor
Office of Chief Counsel
Transportation Security Administration
601 South 12th Street, E12-414N
Arlington, VA 20598-6002
571-227-4294 (office)
571-227-1380 (fax)

*This communication might contain communications between attorney and client, communications that are part of the agency deliberative process, or attorney-work product, all of which are privileged and not subject to disclosure outside the agency or to the public.  Please consult with the Office of Chief Counsel before disclosing any information contained in this email.*

*If you are not the intended recipient and have received this transmission in error, please destroy the documents received and contact the sender. Use, copying, or dissemination of this information by anyone other than the intended recipient may constitute a violation of law. The sender reserves the right to exercise all remedies available under the law.*

---

**From:** Stern, Jonathan M. [mailto:JStern@Schnader.com]
**Sent:** Monday, April 07, 2014 2:56 PM
**To:** Su, Emily <TSA OCC>
**Cc:** Kravit, Richard <TSA OCC>
**Subject:** RE: SSI Review

Thank you, Emily. The documents are manual provisions and training documents (PDF, PowerPoint, and video) that are designated as SSI. No reason was given by Plaintiff's counsel for the court order, but he said that he was told by someone from TSA that a court order was required, which made no sense to me.

If you can provide instructions, we will submit the document set on a CD for the review. My client wants to ensure it complies with the SSI requirements and has no interest, one way or  the other, whether TSA approves dissemination to the plaintiff or his counsel.

Thanks for your help.

Jon

*Jonathan M. Stern*
*Counsel, Managing Attorney, Washington, DC Office*
*Admitted in DC, MD, PA, & VA*
Schnader Harrison Segal & Lewis LLP

750 9th Street, NW, Suite 550
Washington, DC 20001-4534
☎ 202.419.4202
🕯 301-529-3671
Fax 202.419.4252
✉ jstern@schnader.com
🌐 www.schnader.com



This e-mail is from an attorney and may be privileged and confidential.  If you are not an intended recipient, please do not read or disclose the contents, send a reply email advising of the error, and delete all copies from your computer system. Thank you.

**From:** Su, Emily <TSA OCC> [mailto:emily.su@tsa.dhs.gov]
**Sent:** Sunday, April 06, 2014 11:07 PM
**To:** Stern, Jonathan M.
**Cc:** Kravit, Richard <TSA OCC>
**Subject:** RE: SSI Review

Hi Jon,

Thanks for your email.  I will likely be out of the office with a sick child tomorrow, but I will look into your inquiry as soon as I am able.

In the meanwhile, did the plaintiff cite any reason for why TSA would need a court order to review SSI documents?  Are these documents limited in scope to documents that exist between TSA and the air carrier?  If so, I can't think of any reason why TSA would need a court order to review them.  Even if they are proprietary SSI documents that the air carrier created, if both parties agree to submit to the review (or if they are related to compliance), TSA would not need a court order.  Perhaps I'm missing something?

Feel free to email me any additional information you think might be helpful.  Once I have more information, I'll check with a few of our other offices to confirm our thinking.

Emily H. Su
Assistant Chief Counsel, Civil Enforcement
Transportation Security Administration
(571) 227-2305

This email might contain communications between attorney and client, communications that are part of the agency deliberative process, or attorney-work product, all of which are privileged and not subject to disclosure outside the agency or to the public. Please consult with the Office of Chief Counsel before disclosing any information contained in this email.

**From:** Stern, Jonathan M. [mailto:JStern@Schnader.com]
**Sent:** Saturday, April 05, 2014 7:45 AM
**To:** Su, Emily <TSA OCC>
**Subject:** SSI Review

**From:** Stern, Jonathan M.
**Sent:** Friday, April 04, 2014 3:05 PM
**To:** emily.su@tsa.dhs.go
**Cc:** richard.kravit@tsa.dhs.gov
**Subject:** SSI Review

Dear Ms. Su:

Richard Kravit, with whom I am at the SMU Air Law Symposium today, recommended that I email you.

I represent an air carrier in litigation in the Eastern District of Virginia. The plaintiff requested production of documents, many of which are SSI. Both sides are amenable to submitting the withheld documents to TSA for review to determine whether any of the documents may be produced to plaintiff. Plaintiff's counsel advised me that he was told TSA will need a court order in order to undertake the review. That struck me as odd, therefore my conversation with Richard and this email.

Would you please advise whether we may submit the documents to TSA for review without first obtaining a court order.

Thank you.

Jon

Jonathan M. Stern
Counsel, Managing Attorney, Washington, DC Office
Admitted in DC, MD, PA, & VA
Schnader Harrison Segal & Lewis LLP
750 9th Street, NW, Suite 550
Washington, DC 20001-4534
Telephone: 202.419.4202
Mobile: 301-529-3671
Fax: 202.419.4252
Email: jstern@schnader.com
Web: www.schnader.com

This e-mail is from an attorney and may be privileged and confidential. If you are not an intended recipient, please do not read or disclose the contents, send a reply email advising of the error, and delete all copies from your computer system. Thank you.







750 9TH STREET, NW SUITE 550
WASHINGTON, DC 20001-4534
202.419.4200  FAX 202.419.3454  schnader.com

April 7, 2014

Jonathan M. Stern
Direct Dial 202-419-4202
Direct Fax 202-419-4252
E-mail: jstern@schnader.com

**VIA EMAIL – trb@breedenlaw.com**
Thomas R. Breeden, Esq.
Thomas R. Breeden, PC
10326 Lomond Drive
Manassas, Virginia 20109

Re:    *Chirag Shah v. Southwest Airlines, et al.*
       **USDC for the Eastern District of Virginia**
       **Civil Action No. 1:13-cv-1481 (AJT/JFA)**

Dear Mr. Breeden:

      This is in response to your letter dated March 28, 2014, and—as well—addresses the issue of review of sensitive security information by the Transportation Security Administration and scheduling of depositions.

      First, the information you provided in your letter allowed Southwest to identify the passenger with whom Mr. Shah spoke on Flight 382. As a compromise of Mr. Shah's request for the entire passenger manifest, Southwest will provide name and telephone number. The passenger is Stephen ███████████████████, and his telephone number is ██████ ██. I called Mr. ██████ to advise him to expect a call and to ensure that he did not have any major objection to disclosure.

      Second, my contact at the Transportation Security Administration questions the need for a court order to initiate review of Southwest's sensitive security information. She is confirming the information, after which we will submit the withheld SSI documents for the review. I will keep you apprised and let you know if, contrary to initial indications, the court order is necessary.

      Third, you have indicated that you would like to take depositions of the captain and A and C flight attendants in Phoenix on April 25. I have an important social engagement in Baltimore that afternoon and evening and ask, therefore, that you propose other dates.

**Schnader**
ATTORNEYS AT LAW

Thomas R. Breeden, Esq.
April 7, 2014
Page 2

      Fourth, from the dates you provided for depositions, we wish to schedule the depositions of Charlotte Bryan and Mr. Shah for April 23rd. My suggestion is that we schedule one in the morning and one in the afternoon. I estimate that each will take two hours. Can we agree to conduct them in my office?

      Thank you for your cooperation.

              Sincerely,

              Jonathan M. Stern
For SCHNADER HARRISON SEGAL & LEWIS LLP










U.S. Department of Homeland Security
Transportation Security Administration
Office of Chief Counsel
Arlington, Virginia  20598-6002



April 14, 2014

VIA ELECTRONIC MAIL

Jonathan M. Stern
Schnader Harrison Segal & Lewis LLP
720 Ninth Street, NW
Suite 550
Washington, DC 20001
jstern@schnader.com

       Re:     ***Shah v. Southwest Airlines, et al.,*** **No. 13-cv-1481 AJT/JFA (E.D. Va.)**

Dear Mr. Stern:

       Thank you for contacting the Transportation Security Administration ("TSA") regarding the discovery requests in the above-referenced matter.  You notified TSA of Plaintiff's requests, as required by 49 C.F.R. § 1520.9(a)(3), because the discovery he seeks implicates the production of Sensitive Security Information ("SSI").

       In response to the attacks on the United States on September 11, 2001, Congress enacted the Aviation and Transportation Security Act (Pub. L. No. 107-71, 115 Stat. 597 (2001)), which created in the Department of Transportation ("DOT") a new Transportation Security Administration, centralizing in one agency DOT's authority for security in all modes of transportation.  See 49 U.S.C. § 114.  When Congress created the Department of Homeland Security ("DHS") through the Homeland Security Act of 2002 (Pub. L. No. 107-295, 116 Stat. 2064 (2002)), it transferred TSA from DOT to DHS, continued its authority to prohibit the disclosure of sensitive information regarding transportation security, and provided similar authority to DOT, again as to all modes of transportation.  See 49 U.S.C. § 40119(b).

       Congress has specifically directed TSA to "prescribe regulations prohibiting the disclosure of information obtained or developed in carrying out security . . . if the Under Secretary decides that disclosing the information would . . . be detrimental to the security of transportation."  49 U.S.C. § 114(r)(1)(c) (formerly § 114(s)).  The statutory and regulatory scheme authorizes TSA to determine whether particular material is SSI, and, if so, whether and to what extent it may be disclosed.  See id.; 49 C.F.R. Part 1520.  Such a determination constitutes final agency action subject to exclusive review in the United States Court of Appeals.  49 U.S.C. § 46110(a); Robinson v. Napolitano, 689 F.3d 888

(8th Cir. 2012)  <u>MacLean v. Dep't of Homeland Sec.</u>, 543 F.3d 1145, 1149 (9th Cir. 2008); <u>Elec. Privacy Info. Ctr. v. Dep't of Homeland Sec.</u>, 928 F. Supp. 2d 139, 146-47 (D.D.C. 2013); <u>Chowdhury v. Northwest Airlines Corp.</u>, 226 F.R.D. 608, 614 (N.D. Cal. 2004).

In accordance with its statutory mandate, TSA adopted regulations regarding the protection of SSI.  49 C.F.R. Part 1520.  As a general matter, SSI may only be disclosed to "covered persons who have a need to know, unless otherwise authorized in writing by TSA."  <u>Id.</u> § 1520.9(a)(2); <u>see also</u> U.S.C. § 114(r).  For example, SSI may be released to individuals or entities (such as air carriers) to "carry out security activities approved, accepted, funded, recommended, or directed by DHS or DOT."  49 C.F.R. § 1520.11(a)(1).  The regulations impose on covered persons an express duty to protect the information.  <u>See id.</u> § 1520.9.  Specifically, the regulations require that such persons must "[t]ake reasonable steps to safeguard SSI . . . from unauthorized disclosure," and "[r]efer requests by other persons for SSI to TSA or the applicable component or agency within DOT or DHS."  <u>Id.</u>  Violation of these and additional non-disclosure requirements "is grounds for a civil penalty and other enforcement or corrective action."  <u>Id.</u> § 1520.17.

According to Southwest's Objections to Plaintiff Chirag Shah's First Request for Production of Documents and the Privilege Log that you sent to TSA, Plaintiff's discovery requests seek, *inter alia*:

- all correspondence with the TSA regarding the incidents that form the basis of the Complaint;

- training or instruction provided to Southwest Airlines personnel concerning the circumstances under which a passenger may be removed from a flight, denied boarding, or refused service; and

- policies, procedures, or guidelines regarding the circumstances under which a passenger may be removed from a flight, denied boarding, or refused service.[1]

As you note in your letter, these discovery requests potentially implicate SSI. Security programs, security measures, security training materials, as well as other information, constitute SSI.  <u>See</u> 49 C.F.R. § 1520.5(b).  Such information may not be disclosed to unauthorized persons in any way, including via documents or testimony. Plaintiff and his attorney are not "covered persons who have a need to know."  <u>Id.</u> § 1520.9(a)(2); <u>see also id.</u> § 1520.7 (defining "covered persons").  Southwest is prohibited from disclosing SSI to Plaintiff and his attorney without TSA's express authorization.  If TSA determines that materials responsive to Plaintiff's discovery requests contain SSI and Plaintiff believes that he has a substantial need for that SSI in the preparation of his case, his attorney may seek access pursuant to Section 525(d) of the Department of Homeland Security Appropriations Act, 2007, Pub. L. 109-295, § 525(d), 120 Stat. 1382 (Oct. 4, 2006), as reenacted, ("Section 525(d)").  Any such applications should be sent directly to me.

---

[1] By detailing these specific subject matter areas, TSA in no way implies that other information solicited by the discovery requests does not or could not constitute SSI.

To protect unauthorized disclosure of SSI, while you are preparing your responses to these discovery requests (and any additional responses, including responses to interrogatories) you should identify responsive portions of any document called for by Plaintiff's requests for production that you believe might constitute SSI and submit it to TSA for review. Materials must be submitted in text searchable adobe-pdf format on a password protected disk. Submitted documents must also be Bates-stamped and accompanied by a manipulable index (excel spreadsheet). TSA security experts will review the submitted materials and identify SSI with specificity and redact such information where appropriate.

Due to the significant resources required by such a review, please prioritize information as appropriate. TSA will attempt to produce the results of its review on a rolling basis, as appropriate. To the extent that there are any relevant litigation deadlines or the court rules certain discovery requests inappropriate, please let me know so that TSA may efficiently direct its limited resources.

Thank you for your attention to this matter. If you have any questions about this letter or your obligation to protect SSI, please contact me.

Sincerely,

//s//

Kate Gannon
Attorney-Advisor
571-227-4294
kate.gannon@tsa.dhs.gov

Cc:     Thomas R. Breeden, Esq.
        Thomas R. Breeden, P.C.
        10326 Lomond Drive
        Manassas, Virginia 20109
        trb@tbreedenlaw.com
        *Attorney for Plaintiff*










Exhibit 6



750 9TH STREET, NW SUITE 550
WASHINGTON, DC 20001-4534
202.419.4200  FAX 202.419.3454  schnader.com

April 17, 2014

Jonathan M. Stern
Direct Dial 202-419-4202
Direct Fax 202-419-4252
E-Mail: jstern@schnader.com

<u>**CONFIDENTIAL**</u>

<u>**VIA UPS OVERNIGHT DELIVERY**</u>

Kate Gannon
Attorney-Advisor
U.S. Department of Homeland Security
Transportation Security Administration
Office of Chief Counsel
Arlington, Virginia 20598-6002

      RE:   **Shah v. Southwest Airlines, et al., No. 13-cv-1481 AJT/JFA (E.D. Va.)**

Dear Ms. Gannon:

      In accordance with the directions in your April 14, 2014 letter, a copy of which is attached, please find enclosed a DVD that contains a text-searchable Adobe PDF with Bates numbering, a corresponding log in Excel format, and two .wmv files, all for SSI review. The Excel log and the PDF are in an unencrypted section of the DVD. The PDF is 128-bit encrypted and password protected. The two .wmv files are in an area of the DVD protected by 256 bit security. I am emailing the password to you.

      Thank you for your service.

               Sincerely,

               Jonathan M. Stern

cc:   Thomas R. Breeden, Esq.

U.S. Department of Homeland Security
Transportation Security Administration
Office of Chief Counsel
Arlington, Virginia  20598-6002



April 14, 2014

VIA ELECTRONIC MAIL

Jonathan M. Stern
Schnader Harrison Segal & Lewis LLP
720 Ninth Street, NW
Suite 550
Washington, DC 20001
jstern@schnader.com

   Re: ***Shah v. Southwest Airlines, et al.,*** **No. 13-cv-1481 AJT/JFA (E.D. Va.)**

Dear Mr. Stern:

   Thank you for contacting the Transportation Security Administration ("TSA") regarding the discovery requests in the above-referenced matter.  You notified TSA of Plaintiff's requests, as required by 49 C.F.R. § 1520.9(a)(3), because the discovery he seeks implicates the production of Sensitive Security Information ("SSI").

   In response to the attacks on the United States on September 11, 2001, Congress enacted the Aviation and Transportation Security Act (Pub. L. No. 107-71, 115 Stat. 597 (2001)), which created in the Department of Transportation ("DOT") a new Transportation Security Administration, centralizing in one agency DOT's authority for security in all modes of transportation.  See 49 U.S.C. § 114.  When Congress created the Department of Homeland Security ("DHS") through the Homeland Security Act of 2002 (Pub. L. No. 107-295, 116 Stat. 2064 (2002)), it transferred TSA from DOT to DHS, continued its authority to prohibit the disclosure of sensitive information regarding transportation security, and provided similar authority to DOT, again as to all modes of transportation.  See 49 U.S.C. § 40119(b).

   Congress has specifically directed TSA to "prescribe regulations prohibiting the disclosure of information obtained or developed in carrying out security . . . if the Under Secretary decides that disclosing the information would . . . be detrimental to the security of transportation."  49 U.S.C. § 114(r)(1)(c) (formerly § 114(s)).  The statutory and regulatory scheme authorizes TSA to determine whether particular material is SSI, and, if so, whether and to what extent it may be disclosed.  See id.; 49 C.F.R. Part 1520.  Such a determination constitutes final agency action subject to exclusive review in the United States Court of Appeals.  49 U.S.C. § 46110(a); Robinson v. Napolitano, 689 F.3d 888

*Letter to J. Stern*
*Page 1 of 3*

(8th Cir. 2012)  <u>MacLean v. Dep't of Homeland Sec.</u>, 543 F.3d 1145, 1149 (9th Cir. 2008); <u>Elec. Privacy Info. Ctr. v. Dep't of Homeland Sec.</u>, 928 F. Supp. 2d 139, 146-47 (D.D.C. 2013); <u>Chowdhury v. Northwest Airlines Corp.</u>, 226 F.R.D. 608, 614 (N.D. Cal. 2004).

In accordance with its statutory mandate, TSA adopted regulations regarding the protection of SSI.  49 C.F.R. Part 1520.  As a general matter, SSI may only be disclosed to "covered persons who have a need to know, unless otherwise authorized in writing by TSA."  <u>Id.</u> § 1520.9(a)(2); <u>see also</u> U.S.C. § 114(r).  For example, SSI may be released to individuals or entities (such as air carriers) to "carry out security activities approved, accepted, funded, recommended, or directed by DHS or DOT."  49 C.F.R. § 1520.11(a)(1).  The regulations impose on covered persons an express duty to protect the information.  <u>See id.</u> § 1520.9.  Specifically, the regulations require that such persons must "[t]ake reasonable steps to safeguard SSI . . . from unauthorized disclosure," and "[r]efer requests by other persons for SSI to TSA or the applicable component or agency within DOT or DHS."  <u>Id.</u>  Violation of these and additional non-disclosure requirements "is grounds for a civil penalty and other enforcement or corrective action."  <u>Id.</u> § 1520.17.

According to Southwest's Objections to Plaintiff Chirag Shah's First Request for Production of Documents and the Privilege Log that you sent to TSA, Plaintiff's discovery requests seek, *inter alia*:

- all correspondence with the TSA regarding the incidents that form the basis of the Complaint;

- training or instruction provided to Southwest Airlines personnel concerning the circumstances under which a passenger may be removed from a flight, denied boarding, or refused service; and

- policies, procedures, or guidelines regarding the circumstances under which a passenger may be removed from a flight, denied boarding, or refused service.[1]

As you note in your letter, these discovery requests potentially implicate SSI.  Security programs, security measures, security training materials, as well as other information, constitute SSI.  <u>See</u> 49 C.F.R. § 1520.5(b).  Such information may not be disclosed to unauthorized persons in any way, including via documents or testimony.  Plaintiff and his attorney are not "covered persons who have a need to know."  <u>Id.</u> § 1520.9(a)(2); <u>see also id.</u> § 1520.7 (defining "covered persons").  Southwest is prohibited from disclosing SSI to Plaintiff and his attorney without TSA's express authorization.  If TSA determines that materials responsive to Plaintiff's discovery requests contain SSI and Plaintiff believes that he has a substantial need for that SSI in the preparation of his case, his attorney may seek access pursuant to Section 525(d) of the Department of Homeland Security Appropriations Act, 2007, Pub. L. 109-295, § 525(d), 120 Stat. 1382 (Oct. 4, 2006), as reenacted, ("Section 525(d)").  Any such applications should be sent directly to me.

---

[1] By detailing these specific subject matter areas, TSA in no way implies that other information solicited by the discovery requests does not or could not constitute SSI.

To protect unauthorized disclosure of SSI, while you are preparing your responses to these discovery requests (and any additional responses, including responses to interrogatories) you should identify responsive portions of any document called for by Plaintiff's requests for production that you believe might constitute SSI and submit it to TSA for review.  Materials must be submitted in text searchable adobe-pdf format on a password protected disk.  Submitted documents must also be Bates-stamped and accompanied by a manipulable index (excel spreadsheet).  TSA security experts will review the submitted materials and identify SSI with specificity and redact such information where appropriate.

Due to the significant resources required by such a review, please prioritize information as appropriate.  TSA will attempt to produce the results of its review on a rolling basis, as appropriate.  To the extent that there are any relevant litigation deadlines or the court rules certain discovery requests inappropriate, please let me know so that TSA may efficiently direct its limited resources.

Thank you for your attention to this matter.  If you have any questions about this letter or your obligation to protect SSI, please contact me.

Sincerely,

//s//

Kate Gannon
Attorney-Advisor
571-227-4294
kate.gannon@tsa.dhs.gov

Cc:    Thomas R. Breeden, Esq.
       Thomas R. Breeden, P.C.
       10326 Lomond Drive
       Manassas, Virginia 20109
       trb@tbreedenlaw.com
       *Attorney for Plaintiff*




**Stern, Jonathan M.**

| | |
|---|---|
| **From:** | Gannon, Kate <TSA OCC> <Kate.Gannon@tsa.dhs.gov> |
| **Sent:** | Tuesday, April 22, 2014 3:35 PM |
| **To:** | Stern, Jonathan M. |
| **Cc:** | trb@tbreedenlaw.com |
| **Subject:** | RE: Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.) |

Jon,

Today I received the DVD referenced in your April 17, 2014 letter (because of screening procedures for our mail, sometimes overnight delivery takes a few days).  I have submitted the materials on the DVD to our SSI Program Office for review.  Generally, SSI reviews take at least two weeks and often longer depending on the size and type of materials involved.  I will contact you once the SSI review is complete.  Please let me know if you have questions or concerns.

Thank you,
Kate

Kathleen C. Gannon
Attorney-Advisor
Office of Chief Counsel
Transportation Security Administration
601 South 12th Street, E12-414N
Arlington, VA 20598-6002
571-227-4294 (office)
571-227-1380 (fax)

*This communication might contain communications between attorney and client, communications that are part of the agency deliberative process, or attorney-work product, all of which are privileged and not subject to disclosure outside the agency or to the public.  Please consult with the Office of Chief Counsel before disclosing any information contained in this email.*

*If you are not the intended recipient and have received this transmission in error, please destroy the documents received and contact the sender. Use, copying, or dissemination of this information by anyone other than the intended recipient may constitute a violation of law. The sender reserves the right to exercise all remedies available under the law.*

**From:** Stern, Jonathan M. [mailto:JStern@Schnader.com]
**Sent:** Thursday, April 17, 2014 3:25 PM
**To:** Gannon, Kate <TSA OCC>
**Cc:** trb@tbreedenlaw.com
**Subject:** RE: Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.)

Please see attached.

*Jonathan M. Stern*
*Counsel, Managing Attorney, Washington, DC Office*
*Admitted in DC, MD, PA, & VA*
Schnader Harrison Segal & Lewis LLP
750 9th Street, NW, Suite 550
Washington, DC 20001-4534

☎ 202.419.4202
📱 301-529-3671
Fax 202.419.4252
✉ jstern@schnader.com
🌐 www.schnader.com



S c h n a d e r
ATTORNEYS AT LAW

*This e-mail is from an attorney and may be privileged and confidential.  If you are not an intended recipient, please do not read or disclose the contents, send a reply email advising of the error, and delete all copies from your computer system. Thank you.*

**From:** Gannon, Kate <TSA OCC> [mailto:Kate.Gannon@tsa.dhs.gov]
**Sent:** Monday, April 14, 2014 3:56 PM
**To:** Stern, Jonathan M.
**Cc:** trb@tbreedenlaw.com
**Subject:** Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.)

Counsel,

Attached please find a letter from the Transportation Security Administration regarding the above referenced matter.

Best regards,

Kate Gannon

Kathleen C. Gannon
Attorney-Advisor
Office of Chief Counsel
Transportation Security Administration
601 South 12th Street, E12-414N
Arlington, VA 20598-6002
571-227-4294 (office)
571-227-1380 (fax)

*This communication might contain communications between attorney and client, communications that are part of the agency deliberative process, or attorney-work product, all of which are privileged and not subject to disclosure outside the agency or to the public.  Please consult with the Office of Chief Counsel before disclosing any information contained in this email.*

*If you are not the intended recipient and have received this transmission in error, please destroy the documents received and contact the sender. Use, copying, or dissemination of this information by anyone other than the intended recipient may constitute a violation of law. The sender reserves the right to exercise all remedies available under the law.*




**Stern, Jonathan M.**

| | |
|---|---|
| **From:** | Gannon, Kate <TSA OCC> <Kate.Gannon@tsa.dhs.gov> |
| **Sent:** | Monday, June 02, 2014 9:52 AM |
| **To:** | Stern, Jonathan M. |
| **Subject:** | RE: Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.) |

Jon,

The SSI review is taking longer than expected to complete.  If there is a specific date by which you need the reviewed materials, that would be helpful to know so that we can allocate our resources accordingly.

Thank you,
Kate

**From:** Stern, Jonathan M. [mailto:JStern@Schnader.com]
**Sent:** Thursday, April 17, 2014 3:26 PM
**To:** Gannon, Kate <TSA OCC>
**Subject:** RE: Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.)

Dear Ms. Gannon:

The password is ███████████████████████.

Thanks,

*Jonathan M. Stern*
*Counsel, Managing Attorney, Washington, DC Office*
*Admitted in DC, MD, PA, & VA*
Schnader Harrison Segal & Lewis LLP
750 9th Street, NW, Suite 550
Washington, DC 20001-4534
☎ 202.419.4202
🕯 301-529-3671
Fax 202.419.4252
✉ jstern@schnader.com
🌎 www.schnader.com



This e-mail is from an attorney and may be privileged and confidential.  If you are not an intended recipient, please do not read or disclose the contents, send a reply email advising of the error, and delete all copies from your computer system. Thank you.

**From:** Gannon, Kate <TSA OCC> [mailto:Kate.Gannon@tsa.dhs.gov]
**Sent:** Monday, April 14, 2014 3:56 PM
**To:** Stern, Jonathan M.
**Cc:** trb@tbreedenlaw.com
**Subject:** Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.)

Counsel,

Attached please find a letter from the Transportation Security Administration regarding the above referenced matter.

Best regards,

Kate Gannon


Kathleen C. Gannon
Attorney-Advisor
Office of Chief Counsel
Transportation Security Administration
601 South 12th Street, E12-414N
Arlington, VA 20598-6002
571-227-4294 (office)
571-227-1380 (fax)

*This communication might contain communications between attorney and client, communications that are part of the agency deliberative process, or attorney-work product, all of which are privileged and not subject to disclosure outside the agency or to the public.  Please consult with the Office of Chief Counsel before disclosing any information contained in this email.*

*If you are not the intended recipient and have received this transmission in error, please destroy the documents received and contact the sender. Use, copying, or dissemination of this information by anyone other than the intended recipient may constitute a violation of law. The sender reserves the right to exercise all remedies available under the law.*




**Stern, Jonathan M.**

| | |
|---|---|
| **From:** | Stern, Jonathan M. |
| **Sent:** | Monday, June 02, 2014 10:58 AM |
| **To:** | 'Thomas R. Breeden Esq. (trb@tbreedenlaw.com)' |
| **Subject:** | FW: Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.) |

Dear Tom:

I received the below this morning. Shall I advise when our final pre-trial date is and ask if they can have it done before then?

Jon

Jonathan M. Stern
Schnader – DC
202-419-4202

**From:** Gannon, Kate <TSA OCC> [mailto:Kate.Gannon@tsa.dhs.gov]
**Sent:** Monday, June 02, 2014 9:52 AM
**To:** Stern, Jonathan M.
**Subject:** RE: Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.)

Jon,

The SSI review is taking longer than expected to complete.  If there is a specific date by which you need the reviewed materials, that would be helpful to know so that we can allocate our resources accordingly.

Thank you,
Kate

**From:** Stern, Jonathan M. [mailto:JStern@Schnader.com]
**Sent:** Thursday, April 17, 2014 3:26 PM
**To:** Gannon, Kate <TSA OCC>
**Subject:** RE: Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.)

Dear Ms. Gannon:

The password is [REDACTED].

Thanks,

*Jonathan M. Stern*
*Counsel, Managing Attorney, Washington, DC Office*
*Admitted in DC, MD, PA, & VA*
Schnader Harrison Segal & Lewis LLP
750 9th Street, NW, Suite 550
Washington, DC 20001-4534
☎ 202.419.4202
📱 301-529-3671
Fax 202.419.4252

✉ jstern@schnader.com
🌐 www.schnader.com



This e-mail is from an attorney and may be privileged and confidential.  If you are not an intended recipient, please do not read or disclose the contents, send a reply email advising of the error, and delete all copies from your computer system. Thank you.

**From:** Gannon, Kate <TSA OCC> [mailto:Kate.Gannon@tsa.dhs.gov]
**Sent:** Monday, April 14, 2014 3:56 PM
**To:** Stern, Jonathan M.
**Cc:** trb@tbreedenlaw.com
**Subject:** Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.)

Counsel,

Attached please find a letter from the Transportation Security Administration regarding the above referenced matter.

Best regards,

Kate Gannon


Kathleen C. Gannon
Attorney-Advisor
Office of Chief Counsel
Transportation Security Administration
601 South 12th Street, E12-414N
Arlington, VA 20598-6002
571-227-4294 (office)
571-227-1380 (fax)

*This communication might contain communications between attorney and client, communications that are part of the agency deliberative process, or attorney-work product, all of which are privileged and not subject to disclosure outside the agency or to the public.  Please consult with the Office of Chief Counsel before disclosing any information contained in this email.*

*If you are not the intended recipient and have received this transmission in error, please destroy the documents received and contact the sender. Use, copying, or dissemination of this information by anyone other than the intended recipient may constitute a violation of law. The sender reserves the right to exercise all remedies available under the law.*



**Stern, Jonathan M.**

| | |
|---|---|
| **From:** | Tom <trb@tbreedenlaw.com> |
| **Sent:** | Monday, June 02, 2014 11:02 AM |
| **To:** | Stern, Jonathan M.; Sanjay Sethi; Heather Damewood |
| **Subject:** | Re: Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.) |

Yes. That would probably be good. Thanks

Sent from my iPhone

On Jun 2, 2014, at 10:58 AM, "Stern, Jonathan M." <JStern@Schnader.com> wrote:

> Dear Tom:
>
> I received the below this morning. Shall I advise when our final pre-trial date is and ask if they can have it done before then?
>
> Jon
>
> Jonathan M. Stern
> Schnader – DC
> 202-419-4202

> **From:** Gannon, Kate <TSA OCC> [mailto:Kate.Gannon@tsa.dhs.gov]
> **Sent:** Monday, June 02, 2014 9:52 AM
> **To:** Stern, Jonathan M.
> **Subject:** RE: Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.)
>
> Jon,
>
> The SSI review is taking longer than expected to complete.  If there is a specific date by which you need the reviewed materials, that would be helpful to know so that we can allocate our resources accordingly.
>
> Thank you,
> Kate

> **From:** Stern, Jonathan M. [mailto:JStern@Schnader.com]
> **Sent:** Thursday, April 17, 2014 3:26 PM
> **To:** Gannon, Kate <TSA OCC>
> **Subject:** RE: Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.)
>
> Dear Ms. Gannon:
>
> The password is [REDACTED].
>
> Thanks,
>
> Jonathan M. Stern



*Counsel, Managing Attorney, Washington, DC Office*
*Admitted in DC, MD, PA, & VA*
Schnader Harrison Segal & Lewis LLP
750 9th Street, NW, Suite 550
Washington, DC 20001-4534
202.419.4202
301-529-3671
Fax 202.419.4252
jstern@schnader.com
www.schnader.com
<image001.png>

This e-mail is from an attorney and may be privileged and confidential. If you are not an intended recipient, please do not read or disclose the contents, send a reply email advising of the error, and delete all copies from your computer system. Thank you.

---

**From:** Gannon, Kate <TSA OCC> [mailto:Kate.Gannon@tsa.dhs.gov]
**Sent:** Monday, April 14, 2014 3:56 PM
**To:** Stern, Jonathan M.
**Cc:** trb@tbreedenlaw.com
**Subject:** Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.)

Counsel,

Attached please find a letter from the Transportation Security Administration regarding the above referenced matter.

Best regards,

Kate Gannon

Kathleen C. Gannon
Attorney-Advisor
Office of Chief Counsel
Transportation Security Administration
601 South 12th Street, E12-414N
Arlington, VA 20598-6002
571-227-4294 (office)
571-227-1380 (fax)

*This communication might contain communications between attorney and client, communications that are part of the agency deliberative process, or attorney-work product, all of which are privileged and not subject to disclosure outside the agency or to the public. Please consult with the Office of Chief Counsel before disclosing any information contained in this email.*

*If you are not the intended recipient and have received this transmission in error, please destroy the documents received and contact the sender. Use, copying, or dissemination of this information by anyone other than the intended recipient may constitute a violation of law. The sender reserves the right to exercise all remedies available under the law.*

**Stern, Jonathan M.**

| | |
|---|---|
| **From:** | Gannon, Kate <TSA OCC> <Kate.Gannon@tsa.dhs.gov> |
| **Sent:** | Monday, June 02, 2014 11:34 AM |
| **To:** | Stern, Jonathan M. |
| **Cc:** | 'Thomas R. Breeden Esq. (trb@tbreedenlaw.com)' |
| **Subject:** | RE: Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.) |

Jon,

Thanks for your response.  We will work to provide the reviewed materials to you in advance of the June 19th conference.

Kate

---

**From:** Stern, Jonathan M. [mailto:JStern@Schnader.com]
**Sent:** Monday, June 02, 2014 11:06 AM
**To:** Gannon, Kate <TSA OCC>
**Cc:** 'Thomas R. Breeden Esq. (trb@tbreedenlaw.com)'
**Subject:** RE: Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.)

Dear Kate:

The final pre-trial conference in the case is June 19th. It would be helpful to all concerned to know before then what will and will not be available for use at trial.

Thanks,

Jon

Jonathan M. Stern
Schnader – DC
202-419-4202

---

**From:** Gannon, Kate <TSA OCC> [mailto:Kate.Gannon@tsa.dhs.gov]
**Sent:** Monday, June 02, 2014 9:52 AM
**To:** Stern, Jonathan M.
**Subject:** RE: Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.)

Jon,

The SSI review is taking longer than expected to complete.  If there is a specific date by which you need the reviewed materials, that would be helpful to know so that we can allocate our resources accordingly.

Thank you,
Kate

---

**From:** Stern, Jonathan M. [mailto:JStern@Schnader.com]
**Sent:** Thursday, April 17, 2014 3:26 PM
**To:** Gannon, Kate <TSA OCC>
**Subject:** RE: Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.)

Dear Ms. Gannon:

The password is your 10-digit telephone number in reverse order.

Thanks,

*Jonathan M. Stern*
*Counsel, Managing Attorney, Washington, DC Office*
*Admitted in DC, MD, PA, & VA*
Schnader Harrison Segal & Lewis LLP
750 9th Street, NW, Suite 550
Washington, DC 20001-4534
☎ 202.419.4202
📞 301-529-3671
Fax 202.419.4252
✉ jstern@schnader.com
🌐 www.schnader.com



This e-mail is from an attorney and may be privileged and confidential.  If you are not an intended recipient, please do not read or disclose the contents, send a reply email advising of the error, and delete all copies from your computer system. Thank you.

**From:** Gannon, Kate <TSA OCC> [mailto:Kate.Gannon@tsa.dhs.gov]
**Sent:** Monday, April 14, 2014 3:56 PM
**To:** Stern, Jonathan M.
**Cc:** trb@tbreedenlaw.com
**Subject:** Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.)

Counsel,

Attached please find a letter from the Transportation Security Administration regarding the above referenced matter.

Best regards,

Kate Gannon


Kathleen C. Gannon
Attorney-Advisor
Office of Chief Counsel
Transportation Security Administration
601 South 12th Street, E12-414N
Arlington, VA 20598-6002
571-227-4294 (office)
571-227-1380 (fax)

*This communication might contain communications between attorney and client, communications that are part of the agency deliberative process, or attorney-work product, all of which are privileged and not subject to disclosure outside the agency or to the public.  Please consult with the Office of Chief Counsel before disclosing any information contained in this email.*

*If you are not the intended recipient and have received this transmission in error, please destroy the documents received and contact the sender. Use, copying, or dissemination of this information by anyone other than the intended recipient may constitute a violation of law. The sender reserves the right to exercise all remedies available under the law.*











Exhibit 12

**Stern, Jonathan M.**

| | |
|---|---|
| **From:** | Gannon, Kate <TSA OCC> <Kate.Gannon@tsa.dhs.gov> |
| **Sent:** | Wednesday, June 18, 2014 5:27 PM |
| **To:** | Stern, Jonathan M. |
| **Cc:** | 'Thomas R. Breeden Esq. (trb@tbreedenlaw.com)' |
| **Subject:** | RE: Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.) |

Jon,

TSA has been working diligently to complete the SSI review for this case in advance of your final pre-trial conference tomorrow. Despite the agency's best efforts, at this point it seems unlikely that we will be able to provide you with fully redacted versions of the SSI documents you submitted by tomorrow morning. We will continue working to complete the review as soon as possible. Please continue to keep us apprised of any relevant court deadlines, and we will do our best to accommodate them. Please contact me if you have any questions.

Thank you,
Kate

Kate Gannon
Attorney Advisor
Office of Chief Counsel
Transportation Security Administration
571-227-4294

**From:** Stern, Jonathan M. [mailto:JStern@Schnader.com]
**Sent:** Monday, June 02, 2014 11:06 AM
**To:** Gannon, Kate <TSA OCC>
**Cc:** 'Thomas R. Breeden Esq. (trb@tbreedenlaw.com)'
**Subject:** RE: Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.)

Dear Kate:

The final pre-trial conference in the case is June 19th. It would be helpful to all concerned to know before then what will and will not be available for use at trial.

Thanks,

Jon

Jonathan M. Stern
Schnader – DC
202-419-4202

**From:** Gannon, Kate <TSA OCC> [mailto:Kate.Gannon@tsa.dhs.gov]
**Sent:** Monday, June 02, 2014 9:52 AM
**To:** Stern, Jonathan M.
**Subject:** RE: Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.)

Jon,

The SSI review is taking longer than expected to complete.  If there is a specific date by which you need the reviewed materials, that would be helpful to know so that we can allocate our resources accordingly.

Thank you,
Kate

---

**From:** Stern, Jonathan M. [mailto:JStern@Schnader.com]
**Sent:** Thursday, April 17, 2014 3:26 PM
**To:** Gannon, Kate <TSA OCC>
**Subject:** RE: Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.)

Dear Ms. Gannon:

The password is your 10-digit telephone number in reverse order.

Thanks,

*Jonathan M. Stern*
*Counsel, Managing Attorney, Washington, DC Office*
*Admitted in DC, MD, PA, & VA*
Schnader Harrison Segal & Lewis LLP
750 9th Street, NW, Suite 550
Washington, DC 20001-4534
☎ 202.419.4202
📱 301-529-3671
Fax 202.419.4252
✉ jstern@schnader.com
🌐 www.schnader.com



This e-mail is from an attorney and may be privileged and confidential.  If you are not an intended recipient, please do not read or disclose the contents, send a reply email advising of the error, and delete all copies from your computer system. Thank you.

---

**From:** Gannon, Kate <TSA OCC> [mailto:Kate.Gannon@tsa.dhs.gov]
**Sent:** Monday, April 14, 2014 3:56 PM
**To:** Stern, Jonathan M.
**Cc:** trb@tbreedenlaw.com
**Subject:** Shah v. Southwest Airlines, 13-cv-1481 (E.D. Va.)

Counsel,

Attached please find a letter from the Transportation Security Administration regarding the above referenced matter.

Best regards,

Kate Gannon


Kathleen C. Gannon
Attorney-Advisor
Office of Chief Counsel
Transportation Security Administration
601 South 12th Street, E12-414N

Arlington, VA 20598-6002
571-227-4294 (office)
571-227-1380 (fax)

*This communication might contain communications between attorney and client, communications that are part of the agency deliberative process, or attorney-work product, all of which are privileged and not subject to disclosure outside the agency or to the public.  Please consult with the Office of Chief Counsel before disclosing any information contained in this email.*

*If you are not the intended recipient and have received this transmission in error, please destroy the documents received and contact the sender. Use, copying, or dissemination of this information by anyone other than the intended recipient may constitute a violation of law. The sender reserves the right to exercise all remedies available under the law.*