IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHIRAG SHAH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION No. 1:13CV1481 |
| | ) |
| SOUTHWEST AIRLINES, et al | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SOUTHWEST'S LIABILITY INSURANCE**

COMES NOW, Plaintiff, by counsel, and provides his Opposition to Defendant's Motion in Limine to Exclude Evidence of Southwest's Liability Insurance and in support thereof, states as follows:

This litigation involves the discriminatory removal of Plaintiff from a Southwest airlines flight. Plaintiff has alleged that the sole basis for his removal from the flight was his appearance as a Middle Eastern individual, on the day of the Boston Marathon bombings. Southwest has argued that it was justified in removing the Plaintiff because his mannerisms (looking out a window, making eye contact with another passenger, reading a magazine, fidgeting in his seat, buckling his seat belt without being asked) present a security threat according to some undisclosed security criteria. After he was removed from the flight, the Plaintiff sent an email to Southwest complaining about his treatment. Prior to responding, Southwest circulated the email and a draft response to its legal team, to relevant personnel in Southwest, and to its insurance company. The initial draft of the response stated "You were denied boarding on Flight #392 in accordance with our Contract of Carriage". No one internally at Southwest (the legal team, or

the personnel involved) suggested any changes.  However, Southwest's insurance carrier added language, so the response now stated "You were denied boarding on Flight #392 due to safety-related issues in accordance with our Contract of Carriage".  Plaintiff is entitled to cross examine the Defendant related to the insertion of this "safety-related issues" defense which was concocted by the insurance company.

Defendant understandably does not want the jury to know that its safety related issues defense was concocted by its insurance company.  Therefore, Defendant has filed this Motion, arguing the insurance company's involvement in fabricating this defense is irrelevant.  However, the insertion of the "safety related issues" language by the insurance company creates a credibility issue which Plaintiff is entitled to attack.  The matter is very similar to the situation in Varlack v SWC Caribbean, Inc., 550 F.2d 171 (3rd Cir. 1977).  In Varlack, the Plaintiff cross examined a witness related to a statement the witness had previously made, and specified that the statement had been given to the insurance company.  The Court held that this was appropriate impeachment, and did not violate the Federal Rules of Evidence, Rule 411's prohibition against admitting evidence of insurance coverage to show wrongdoing.  Id. at 176-177.  Similarly, in Chapman v Brown, 198 F.Supp.78 (D.C. Hawaii 1961), the Plaintiff was permitted to question a witness regarding a letter mentioning insurance when it bore on questions of credibility.

Even the case which Defendant cites, Posttape Associates v Eastman Kodak Co., 537 F.2d 751, 758 (3rd Cir. 1976) recognizes the fact that if the evidence of insurance is relevant for a purpose other than the mere existence of insurance, it may be admitted.  In fact, in Posttape, the insurance information was sought to be admitted for credibility purposes as well as to show knowledge of the insurance.  The Trial Court excluded the insurance information.  The Appellate

Court reversed the trial court's exclusion of references to insurance, finding that the proffered evidence was relevant, and that it was doubtful that there would be any prejudice.

Defendant also speculates that the existence of insurance coverage would be prejudicial to them.  However, there is no evidence to support this speculation.  In fact, Defendant is a large airline, with assets in the amount of $19,976,000,000 as of March 31, 2014.  [1]  Given the size of Defendant, any reasonable person, including jurors, would be shocked if the Defendant did not have insurance - they would naturally assume Defendant did in fact have insurance.  No one is going to award more in damages against an airline the size of Southwest just because it has insurance.  To the extent there is any potential prejudice, a jury instruction similar to the Virginia Model Jury Instruction No. 9.015 would be appropriate:

> The presence or absence of insurance or benefits of any type, whether liability insurance, health insurance, or employment-related benefits for either the plaintiff or the defendants, is not to be considered by you in any way in deciding the issue of liability or, if you find your verdict for the plaintiff, in considering the issue of damages.
>
> The existence or lack of insurance or benefits shall not enter into your discussions or deliberations in any way in deciding the issues in this case. You shall decide this case solely on the basis of the testimony and evidence presented in the courtroom, as well as the other instructions given to you by the court.

Thus, even if the speculative prejudice did exist, it could easily be cured.  The probative value of the impeachment evidence far outweighs any prejudicial effect.

As in the Posttape, Chapman and Varlack cases, Mr. Shah should be entitled to impeach the Defendant regarding the insurance concocted "safety related issues" language in its reports.

CHIRAG SHAH
By Counsel

---

[1] Stipulation of the parties dated May 28, 2014, document 36-18 and 36-20.

_____/s/_____
Thomas R. Breeden, VSB # 33410
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
Tel (703) 361-9277, facsimile (703) 257-2259
trb@tbreedenlaw.com

Sanjay Sethi
Sethi & Mazaheri, LLC
9 Polifly Road, 2nd Floor
Hackensack, NJ  07601
201-606-2267
Facsimile 201-595-0957
sethi@sethimaz.com


Brian L. Bromberg
brian@brianbromberglawoffice.com
Bromberg Law Office, PC
26 Broadway, 21st Floor
New York, NY 10004
Tel (212) 248-7906 Fax (212) 248-7908
Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I certify that on the 25th day of July, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Jonathan M. Stern (VSB# 41930)
Schnader Harrison Segal & Lewis LLP
750 Ninth Street, NW
Suite 550
Washington, DC  20001
(202) 419-4202
(202) 419-4252 fax
jstern@schnader.com
*Counsel for Defendant*

_____/s/_____
Thomas R. Breeden, Esquire
(VSB #33410)
THOMAS R. BREEDEN, P.C.
10326 Lomond Drive
Manassas, Virginia  20109
(703) 361-9277 Telephone
(703) 257-2259 Facsimile
trb@tbreedenlaw.com
*Counsel for Plaintiff*