IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

CHIRAG SHAH,                              )
                                          )
              Plaintiff,                  )
                                          )
v.                                        ) CIVIL ACTION No. 1:13CV1481
                                          )
SOUTHWEST AIRLINES, et al                 )
                                          )
              Defendant.                  )

## PLAINTIFF'S DISPUTED JURY INSTRUCTIONS

COMES NOW, the Plaintiff, by counsel, and submits the following disputed Jury Instructions:

A.     Discriminatory Intent

B.     Direct Evidence of Discrimination

C.     Indirect Evidence—*Prima Facie* Case

D.     Presumption

E.     Indirect Evidence-Rebuttal of Prima Facie Case

F.     Indirect Evidence---Pretext

G.     49 USC 44902(b)

H.     Definition of Inimical

I.     Definition of Arbitrary and Capricious

J.     State of Mind of the Decision-maker

K.     The Court's Determination on *Prima Facie* Evidence

L.     The Verdict

M.     Punitive Damages

N.     Punitive damages (alternate - Sands 1981 instruction)

O.    Evidence of Insurance

P.    Managerial Capacity Defined.

Q.    Duty to Deliberate/Unanimous Verdict

R.    Punitive Damages – Corporate Defendant's Liability


CHIRAG SHAH
By Counsel

_____/s/_____
Thomas R. Breeden, VSB # 33410
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
Tel (703) 361-9277, facsimile (703) 257-2259
trb@tbreedenlaw.com


Sanjay Sethi
Sethi & Mazaheri, LLC
9 Polifly Road, 2nd Floor
Hackensack, NJ  07601
201-606-2267
Facsimile 201-595-0957
sethi@sethimaz.com

Brian L. Bromberg
Jonathan R. Miller
brian@brianbromberglawoffice.com
Bromberg Law Office, PC
26 Broadway, 21st Floor
New York, NY 10004
Tel (212) 248-7906 Fax (212) 248-7908
*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 2nd day of September, 2014, I send a copy of the above electronically

to

Jonathan M. Stern (VSB# 41930)
Schnader Harrison Segal & Lewis LLP
750 Ninth Street, NW
Suite 550
Washington, DC  20001
(202) 419-4202
(202) 419-4252 fax
jstern@schnader.com
*Counsel for Defendant*

_____/s/_____
Thomas R. Breeden, Esquire
(VSB #33410)
THOMAS R. BREEDEN, P.C.
10326 Lomond Drive
Manassas, Virginia  20109
(703) 361-9277 Telephone
(703) 257-2259 Facsimile
trb@tbreedenlaw.com
*Counsel for Plaintiff*

## JURY INSTRUCTION NO. A
## Discriminatory Intent

To prevail on his discrimination claims against Southwest Airlines, Mr. Shah must prove, by a preponderance of the evidence, that the Defendant acted with a discriminatory intent, motive or state of mind as a result of his perceived race, color, national origin, ethnicity or ancestry. In determining whether Southwest Airlines discriminated against Mr. Shah on these grounds, you may consider all the evidence, both direct and circumstantial, and all reasonable inferences that lead from that evidence. Moreover, Mr. Shah need not prove that Southwest Airlines' employees acted out of conscious racial intent because the prohibition on discrimination extends to decisions that are based on stereotyped thinking and other forms of less conscious bias.

**Sources:**       *McDonnell Douglas v. Green,* 411 U.S. 792, 802-804 (1973); *Love-Lane v. Martin,* 355 F. 3d 766, 786 (4th Cir. 2004); *Thomas v. Eastman Kodak Co.,* 183 F.3d 38, 42 (1st Cir. 1999); *Hill v. Lockheed Martin Logistics Mgmt,* 354 F. 3d 277, 287 (4th Cir. 2004); *Jordan v. Alternative Resources Corp.*, 458 F. 3d 332, 345 (4th Cir. 2006); *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F. 3d 310, 318 (4th Cir. 2005).

**JURY INSTRUCTION NO. B**
**Direct Evidence of Discrimination**


   Mr. Shah may prove intentional discrimination by direct evidence that his perceived race, color, national origin, ethnicity or ancestry played a role in the decision to remove him from Flight 392 or the decision not to rebook him. Evidence of references to Mr. Shah's perceived race, color, national origin, ethnicity or ancestry in the decision-making process are examples of direct evidence of discrimination. Additionally, evidence that other individuals from the same or similar race, color, national origin, ethnicity or ancestry as Mr. Shah were removed from the Flight 392 also constitutes direct evidence of discrimination. If you find that Mr. Shah has proved intentional discrimination through direct evidence by a preponderance of the evidence, Mr. Shah will have satisfied his burden of proof.


**Sources:**   *Williams v. Lindenwood Univ.,* 288 F.3d 349, 356 (8th Cir. 2002)

## JURY INSTRUCTION NO. C
### Indirect Evidence—*Prima Facie* Case

Mr. Shah may also prove intentional discrimination using indirect or circumstantial evidence. To prove intentional discrimination using indirect or circumstantial evidence, Mr. Shah's initial burden is to establish a *prima facie* case of discrimination. Mr. Shah's initial burden to establish a *prima facie* case is not difficult; he must merely offer proof of facts that, absent other explanation, make it more likely than not that a discriminatory motive was at work.

**Sources:**        *McDonnell Douglas v. Green,* 411 U.S. 792, 802-04 (1973); *Tex. Dep't of County Affairs v. Burdine,* 450 U.S. 248, 253 (1981); *Hill v. Lockheed Martin Logistics Mgmt,* 354 F. 3d 277, 287 (4th Cir. 2004); *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F. 3d 310, 318 (4th Cir. 2005); *Hawkins v. PepsiCo, Inc.,* 203 F. 3d 274, 278 (4th Cir. 2000).

## JURY INSTRUCTION NO. D
## PRESUMPTION

If you find: (1) that plaintiff was a member of a racial, ethnic, or national minority – that is Indian, Arab or Middle Eastern looking; (2) that he had a lawfully purchased ticket when he boarded the plane; and (3) that plaintiff and another Indian or Middle Eastern looking man were removed from the airplane and not allowed to reboard, then plaintiff has established a prima facie case that he was intentionally discriminated against on the basis of his perceived race, color, ethnicity, national origin or ancestry. The burden then shifts to defendant to prove its defenses.

*See Flowers v. Crouch-Walker Corp.*, 552 F.2d 1277, 1281-84 (7th Cir. 1977)

## JURY INSTRUCTION NO. E
## Indirect Evidence-Rebuttal of Prima Facie Case

Once Mr. Shah has established a *prima facie* case of discrimination, the burden shifts to Southwest Airlines to rebut the inference of discrimination. Southwest Airlines has the burden of proving, by a preponderance of the evidence, that the adverse actions were taken for a legitimate nondiscriminatory reason. To meet its burden, Southwest Airlines must clearly set forth with some specificity plausible reasons for its actions.

**Sources:**       *McDonnell Douglas v. Green,* 411 U.S. 792, 802-04 (1973); *Hill v. Lockheed Martin Logistics Mgmt,* 354 F. 3d 277, 286 (4th Cir. 2004); *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F. 3d 310, 318 (4th Cir. 2005); *Hawkins v. PepsiCo, Inc.,* 203 F. 3d 274, 278 (4th Cir. 2000); *Love-Lane v. Martin,* 355 F. 3d 766, 788 (4th Cir. 2004).

## JURY INSTRUCTION NO. F
### Evidence---Pretext

If you find that Southwest Airlines has met its burden of producing evidence that its removal of Mr. Shah and refusal to rebook him were taken for a legitimate, non-discriminatory reason, Mr. Shah can introduce evidence that the reason given by Southwest Airlines is a pretext; in other words, that the reason given by Southwest Airlines is not the real reason for Southwest Airlines' actions.

Pretext may be shown in a number of ways. Mr. Shah can show pretext by showing that Southwest Airlines' given explanation is unworthy of credence, or by showing weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the reasons given by Southwest Airlines. Mr. Shah can also show pretext with evidence that Southwest Airlines gave different and arguably inconsistent explanations for the adverse action.

If you find by a preponderance of the evidence that the reason given by Southwest Airlines is not the real reason for its actions, then Mr. Shah will have satisfied his burden of proving intentional discrimination by indirect or circumstantial evidence.

**Sources:**     *McDonnell Douglas v. Green, 411 U.S. 792, 802-804 (1973); Love-Lane v. Martin, 355 F. 3d 766, 786 (4th Cir. 2004); Hill v. Lockheed Martin Logistics Mgmt, 354 F. 3d 277, 286 (4th Cir. 2004); Diamond v. Colonial Life & Acc. Ins. Co., 416 F. 3d 310, 317 (4th Cir. 2005);*

## JURY INSTRUCTION NO. G
## 49 USC 44902(b)

Southwest Airlines has raised a defense that its actions are immune from civil liability under 49 USC 44902, which governs air commerce and safety.  In order to prevail on this defense, Southwest Airlines has the burden of proving, by a preponderance of the evidence, that it made a determination that Chirag Shah was inimical to safety. If you find that Southwest Airlines did in fact make a determination that Chirag Shah was inimical to safety, then the burden shifts to Chirag Shah to prove, by a preponderance of the evidence, that that determination was arbitrary and capricious, and not reasonable and rational.

**Sources:**       49 U.S.C. § 44902(b); *Williams v. Trans World Airlines,* 509 F. 2d 942, 948 (2d Cir. 1975); *Schaeffer v. Cavallero,* 54 F. Supp. 2d 350, 352 (S.D.N.Y. 1999); *Bayaa v. United Airlines, Inc.,* 249 F. Supp. 2d 1998, 1205 (C.D. Cal. 2002); *Dasrath v. Continental Airlines, Inc.,* 228 F. Supp. 2d 531, 540 n. 12 (D.N.J. 2002).

## JURY INSTRUCTION NO. H
### Definition of Inimical

"Inimical" means adverse or harmful.  Thus, in order for Southwest to meet their initial burden that they made a determination that Mr. Shah's actions might be inimical to safety, they must have made a determination that Mr. Shah's actions might be adverse or harmful to the safety of the aircraft.


**Sources:**     *Oxford English Dictionary 1438 (1973); The American Heritage Dictionary of the English Language 929 (3d.ed 1992).*

## JURY INSTRUCTION NO. I
## Definition of Arbitrary and Capricious

"Arbitrary and capricious" means "a willful and unreasonable action without consideration or in disregard of facts." Thus, assuming that Defendant made a determination that Mr. Shah might be inimical to the safety of the plane, Mr. Shah must show that that determination was made without consideration or in disregard of the facts.

*Black's Law Dictionary* (West 9th ed. 2009) at 119, "arbitrary and capricious" is defined under the word "arbitrary" as follows: "(Of a legal decision) founded on prejudice or preference rather than on reason or fact. This type of decision is often termed *arbitrary and capricious*."

## JURY INSTRUCTION NO. J
## State of Mind of the Decision-maker

Under federal law, the pilot must make all safety decisions. Therefore, Southwest Airlines is entitled to immunity under 49 USC 44902(b) only if Captain George Cannon decided that Mr. Shah might have been inimical to safety. If you decide Captain Cannon made this decision, you must then decide whether his decision was arbitrary and capricious, based on the facts available to Captain Cannon at the time he made his decision.

**Sources:**       *Dasrath v. Continental Airlines, Inc.,* 228 F. Supp. 2d 531, 540 n. 12 (D.N.J. 2002); *Al–Qudhai'een v. Am. W. Airlines, Inc.,* 267 F.Supp.2d 841, 847 (S.D.Ohio 2003).

## **JURY INSTRUCTION NO. K**
## **The Court's Determination on *Prima Facie* Discrimination**

      The Court has determined, as a matter of law, that Chirag Shah has made a *prima facie* showing of discrimination by Defendant.

## JURY INSTRUCTION NO. L
### The Verdict

You shall find your verdict for Chirag Shah if he proved by the preponderance of the evidence that:

(1)      Southwest Airlines intentionally discriminated against him on account of his perceived race, color, ethnicity or ancestry; and

(2)      The discrimination caused Mr. Shah to suffer deprivation of his right to make and enforce contracts; and

(3)      Mr. Shah suffered damages as a result.

You shall find your verdict for Defendant if:

(1)      Plaintiff fails to prove any or all of the elements above; or

(2)      Defendant proves, by a preponderance of the evidence, that its actions were taken for a legitimate nondiscriminatory reason; or

(3)      Defendant proves, by a preponderance of the evidence, that it made a determination that Plaintiff was inimical to safety, unless Plaintiff also proves, by a preponderance of the evidence, that this determination was arbitrary and capricious and not reasonable and rational.

## JURY INSTRUCTION NO. M
### Punitive Damages

If you find for Mr. Shah and award him some amount of compensatory damages, you may then consider whether punitive damages should be awarded. Unlike compensatory damages, which compensate the victim for the harm he has suffered, the purpose of punitive damages is to punish the defendant for conduct that is outrageous because of the defendant's unlawful motive or reckless indifference to the rights of others. Punitive damages are appropriate where the defendant's conduct involves recklessness or callous indifference towards the plaintiff's legally protected rights. Therefore, if you find that Southwest Airlines should have known, or did in fact know, that it would or could violate Mr. Shah's legally protected rights by removing him from Flight 392, then you may award punitive damages. Similarly, if you find that Southwest Airlines should have known, or did in fact know, that it would or could violate Mr. Shah's legally protected rights by refusing to rebook him, then you may award punitive damages.

In determining the amount of punitive damages to award, if any, you should consider:

1. the character and nature of the defendant's conduct;
2. the relationship between the punitive damage award and the harm likely to result from the Defendant's conduct as well as the harm that actually has occurred;
3. the degree of reprehensibility of Defendant's conduct, the duration of the conduct, the Defendant's awareness of the conduct, any concealment of the conduct, and the existence and frequency of similar past conduct;
4. the magnitude of any potential harm to other victims if similar future behavior is not deterred;
5. the defendant's wealth, in order to determine what amount of money is needed to punish the defendant's conduct and to deter any future acts of discrimination ;
6. the costs of litigation; and
7. the motives of Defendant, the degree of calculation, and the extent of the disregard for the rights of others.

When fixing the amount of punitive damages to award, you should do so by using calm discretion and sound reason.

**Sources:**     TXO *Prod. Corp. v. Alliance Res. Corp.,* 509 U.S. 443, 459-462 (1993); *Smith v. Wade,* 461 U.S. 30 (1983); *Pacific Milt. Life Ins. Co. v. Haslip,* 499 U.S. 1, 15-20 (1991); *BMW of North America, Inc. v. Gore, Jr.*, 517 U.S. 559 (May 1996); *State Farm Mutual Automobile Insurance Company v. Campbell*, 123 S. Ct. 1513; 155 L. Ed. 2d 585 (2003).

## JURY INSTRUCTION NO. N
## PUNITIVE DAMAGES - ALTERNATE INSTRUCTION

If you return a verdict for the plaintiff and you award the plaintiff compensatory damages, then you may, if you wish, also decide to make a separate and additional award of what are called "punitive damages". To make such a judgment it is important to understand the reasons for awarding punitive damages: to punish the defendant for malicious conduct against the plaintiff or for callous disregard of plaintiff's rights and to deter future such conduct by the defendant or others like him. Thus, you should consider whether the award of punitive damages will accomplish these dual purposes of punishment and deterrence. In determining the amount of punitive damages, you may also consider the financial circumstances of the defendant.

You may even award punitive damages to the plaintiff in the absence of actual damages. However, you may award punitive damages only if you believe that the defendant should be punished for the reasons explained above. In other words, the plaintiff is not entitled to punitive damages as a matter of right. You must make a judgment about the defendant's conduct.

4. Leonard B. Sand, et al, *Modern Federal Jury Instructions - Civil*, § 87-23 (Matthew Bender & Co 2014).

## JURY INSTRUCTION NO. O
### Evidence of Insurance

The Plaintiff introduced evidence which contained references to Defendant's insurance coverage.  This evidence shall be considered by you solely for the purpose of determining the credibility of Defendant and its witnesses.

The presence or absence of insurance or benefits of any type, whether liability insurance, health insurance, or employment-related benefits for either the plaintiff or the defendants, is not to be considered by you in any way in deciding the issue of liability or, if you find your verdict for the plaintiff, in considering the issue of damages.

The existence or lack of insurance or benefits shall not enter into your discussions or deliberations in any way in deciding the issues in this case. You shall decide this case solely on the basis of the testimony and evidence presented in the courtroom, as well as the other instructions given to you by the court.

VMJI 9.015 (modified)

**JURY INSTRUCTION NO. P**
**Managerial Capacity Defined**

In determining whether Captain Cannon is employed in a managerial capacity, you should look at the type of authority that Southwest gave to him and the amount of discretion that he had in what was done and how it was accomplished. *To have managerial capacity, an employee* must be important but need not be a top manager, officer or director to be acting in a managerial capacity.[a] For example, you can look at Captain Cannon's authority to hire and fire crew or to impose lesser forms of discipline, including removing crew from the flight, writing up or reporting on crewmembers' behavior, or putting crewmembers on another flight or overruling crewmembers' decisions.[b]

---

[a] *Lowery v. Circuit City Stores*, 206 F.3d 431, 444 (4th Cir. 2000).

[b] *See Anderson v. G.D.C., Inc.*, 281 F.3d 452, 461 (4th Cir. 2002) ("Cooper was unquestionably a managerial employee. The evidence at trial established that he possessed authority to hire and fire drivers and to impose lesser forms of discipline, including docking a driver's wages."); *Lowery*, 206 F.3d at 444 (concluding that supervisor with hiring authority was a managerial employee); *EEOC v. Wal–Mart Stores, Inc.*, 187 F.3d 1241, 1247 (10th Cir.1999)(holding that assistant store manager with authority to suspend subordinates and to make hiring and firing recommendations was a managerial employee).

## JURY INSTRUCTION NO. Q
## Duty to Deliberate/Unanimous Verdict

You will now retire to decide the case. In order to prevail, the plaintiff must sustain his burden of proof as I have explained to you with respect each element of his section 1981 claim.  Defendant must in turn sustain its burden of proof with respect to whether its actions were taken for a legitimate nondiscriminatory reason.   If Defendant has met this burden, Plaintiff has the burden of proof to then show that the reasons given by Defendant were a pretext. Defendant also has the burden of proof to show that it made a determination that Mr. Shah was inimical to safety.  If Defendant has met this burden, Plaintiff has the burden of proof to then show that any decision made by Defendant regarding Mr. Shah being inimical to safety was arbitrary and capricious. If you find that the plaintiff has succeeded in proving all elements of his claim, you should return a verdict in his favor. If you find that the plaintiff failed to sustain his burden, you should return a verdict against the plaintiff.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion that in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

## JURY INSTRUCTION R
### Punitive Damages – Corporate Defendant's Liability[c]

Southwest Airlines is a corporation and can act only through its officers and employees. As to plaintiff's claim for compensatory damages against Southwest Airlines, any act or omission of an officer or employee within the scope of his employment is the act or omission of the defendant corporation.

As to plaintiff's claim for punitive damages against Southwest Airlines, a different rule applies. Punitive damages may be awarded against Southwest Airlines only (1) if you find in favor of Mr. Shah and against Southwest Airlines, and (2) if you find that, as to the acts or omissions giving rise to liability against Southwest Airlines – that is, the removal and subsequent refusal to reboard Mr. Shah – one or more of the following conditions are proved:

(a) Southwest Airlines, through its management, authorized the doing and the manner of the act or omission; or

(b) The act or omission was that of a managerial employee who was acting in the scope of his employment; or

(c) The corporation, through its management or a managerial employee, ratified or approved the act or omission.

---

[c] Adapted from Illinois Model Jury Instruction No. 35.02, available at http://www.state.il.us/court/circuitcourt/civiljuryinstructions/35.00.pdf at 6-7, which is based on the requirements of *Restatement (Second) of Torts*, § 909, and the *Restatement (Second) of Agency*, § 217C. The Fourth Circuit has adopted *Restatement (Second) of Torts*, § 909, for cases brought under § 1981. *See*, *e.g.*, *Bryant v. Aiken Regional Medical Centers, Inc.*, 333 F.3d 536, 548 n. 4 (4th Cir. 2003); *Lowery v. Circuit City Stores, Inc.*, 206 F.3d 431, 442 (4th Cir. 2000).