IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

CHIRAG SHAH,                                      |
                                                  |
         Plaintiff,                               |
                                                  |
    vs.                                           |        Civil Action No. 1:13CV1481 AJT/JFA
                                                  |
SOUTHWEST AIRLINES, *et al.*,                     |
                                                  |
         Defendants.                              |
_____                 |

## PROPOSED JURY INSTRUCTIONS

COME NOW the Parties to this action (Chirag Shah and Southwest Airlines Co.)

and jointly propose the following jury instructions for use at trial.


Dated: September 2, 2014                    Respectfully submitted,


By: /s/ *Jonathan M. Stern*                 _____/s/_____
Jonathan Stern (Va. Bar No. 41930)          Thomas R. Breeden, VSB # 33410
Aaron Fickes (admitted *pro hac vice*)      Thomas R. Breeden, P.C.
Schnader Harrison Segal & Lewis LLP         10326 Lomond Drive
750 Ninth Street, N.W., Suite 550           Manassas, Virginia 20109
Washington, DC 20001-4534                   Tel (703) 361-9277
Phone: 202-419-4202                         Facsimile (703) 257-2259
Fax: 202-419-4252                           trb@tbreedenlaw.com
Email: jstern@schnader.com

*Counsel for Southwest Airlines Co.*        *Counsel for Chirag Shah*

**AT THE BEGINNING OF THE CASE:**

**Court's Instruction No. 1**

**Instruction 71-15 Contact with Others[1]**

Before we start the trial, let me give you a few "rules of the road."

First, please do not discuss the case with anyone. This includes discussing the case in person, in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Twitter, blogging or any Internet chat room, web site or other feature. If you have to tell someone such as your spouse or your employer that you are serving on a jury and that the trial may last as late as September 12th, that's okay. But when they inevitably ask you what the case is about, please tell them that you are under strict instructions from the judge not to discuss the case. The reason for this, obviously, is that we want you to decide this case solely on the evidence presented in this courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think about the case. If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arises in the case from any outside source, including dictionaries, reference books, or anything on the Internet. And in the unlikely event you see anything in the media about this case, please turn away and pay it no heed. Your sworn duty is to decide this case solely and wholly on the evidence presented in this courtroom.

Finally, please do not discuss the case even among yourselves until all the evidence has been presented and the case has been given to you for your deliberations. The

---

[1] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 71-15 (Matthew Bender & Co. 2014).

reason for this is that the evidence will be presented one witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all the evidence.

**Court's Instruction No. 2**

**Instruction 71-12 Publicity--Preliminary Statement[2]**

There may be some newspaper attention given to this case, or there may be some talk about it on the radio or television. If there is that kind of media attention during the trial, you must insulate yourselves from all information about this case, except what comes to you in this courtroom through the rules of evidence. So, when you leave here and go to your home and pick up the paper, if you see something about the case, you must put the paper down right away. Do not read the article.

I will also tell you to avoid listening to or watching any radio or television discussion of the case.

---

[2] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 71-12 (Matthew Bender & Co. 2014).

**Court's Instruction No. 3**

**Instruction 71-16 Note-Taking by Jury[3]**

If you want to take notes during the course of the trial, you may do so. If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence. Also, if you take notes, do not discuss them with anyone before or during your deliberations. Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations. If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which is being made of these proceedings be read to you.

It is now time for the opening statements.

---

[3] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 71-16 (Matthew Bender & Co. 2014).

**<u>FIRST RECESS:</u>**

**Court's Instruction No. 4**

**Instruction No. 2.1 FIRST RECESS[4]**

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

---

[4] Fifth Circuit Pattern Jury Instructions – Civil, No. 2.1 (Matthew Bender & Co. 2014 (2004 instructions)).

**<u>DEPOSITION TESTIMONY:</u>**

**Court's Instruction No. 5**

## 2.23 DEPOSITION TESTIMONY[5]

Certain testimony will now be presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read to you today. This deposition testimony is entitled to the same consideration as if the witness had been present and had testified from the witness stand in court.

---

[5] Fifth Circuit Pattern Jury Instructions – Civil, No. 2.23 (Matthew Bender & Co. 2014 (2004 instructions)).

**PRIOR TO CLOSING ARGUMENTS:**

**Court's Instruction No. 6**

**Instruction 71-1 Juror Attentiveness[6]**

Ladies and gentlemen, before you hear closing arguments and begin your deliberations, I now am going to instruct you on the law. You must pay close attention, and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

---

[6] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 71-1 (Matthew Bender & Co. 2014) (instruction modified to reflect this Court's procedures).

**Court's Instruction No. 7**

**Instruction 71-2 Role of the Court[7]**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be— it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

---

[7] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 71-2 (Matthew Bender & Co. 2014).

**Court's Instruction No. 8**

**Instruction 71-3 Role of the Jury[8]**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their objections, in their questions, or what they will say in their closing arguments, is not evidence. Nor is what I may have said—or what I may say in these instructions—about a factual issue, evidence. In this connection, you should bear in mind that a question put to a witness is never evidence; it is only the answer that is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite

---

[8] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 71-3 (Matthew Bender & Co. 2014) (the order of closing arguments has been modified from the model instruction to reflect this Court's procedures).

matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

**Court's Instruction No. 9**

**Instruction 71-4 Juror Oath**[9]

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

---

[9] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 71-4 (Matthew Bender & Co. 2014).

**Court's Instruction No. 10**

### Instruction 71-5 Jury to Disregard Court's View[10]

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts that are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely and entirely, any evidence that has been ruled out of the case by the court,

---

[10] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 71-5 (Matthew Bender & Co. 2014).

and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

**Court's Instruction No. 11**

**Instruction 71-6 Conduct of Counsel[11]**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences with the court outside the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

---

[11] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 71-6 (Matthew Bender & Co. 2014) (instruction modified to reflect this Court's preferences to avoid sidebar conferences).

**Court's Instruction No. 12 (if needed)**

**Instruction 71-7 Reprimand of Counsel for Misconduct[12]**

During the course of the trial, I have had to admonish or reprimand an attorney because I did not believe what he was doing was proper. You should draw no inference against him or his client. It is the duty of the attorneys to offer evidence and press objections on behalf of their side. It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks and to reprimand counsel when I think it is necessary. But you should draw no inference from that. It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.

In fact, in this case, I would like to express my gratitude to each of the attorneys for their conscientious efforts on behalf of their clients and for work well done.

Your verdict should be based on the facts as found by you from the evidence and the law as instructed by the court.

---

[12] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 71-7 (Matthew Bender & Co. 2014)

**Court's Instruction No. 13**

**Instruction 71-9 Race, Religion, National Origin, Sex, or Age[13]**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age.

It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

---

[13] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 71-9 (Matthew Bender & Co. 2014).

**Court's Instruction No. 14**

       **Sympathy**[14]

       You must not base your verdict in any way upon sympathy, bias, guesswork or speculation.  Your verdict must be based solely upon the evidence and instructions of the court.

---

[14] VMJI 2.220.

**Court's Instruction No. 15**

**Instruction 71-14 Publicity – Final Charge[15]**

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must completely disregard any report you have read in the press, seen on television, or heard on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

---

[15] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 71-14 (Matthew Bender & Co. 2014).

**Court's Instruction No. 16**

**Instruction 72-1 Corporate Parties[16]**

In this case, the defendant is a corporation. The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

---

[16] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 72-1 (Matthew Bender & Co. 2014).

**Court's Instruction No. 17**

### Instruction 73-2 Preponderance of the Evidence[17]

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

---

[17] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 73-2 (Matthew Bender & Co. 2014).

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

**Court's Instruction No. 18**

**Instruction 74-1 What Is and Is Not Evidence[18]**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

---

[18] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 74-1 (Matthew Bender & Co. 2014).

To constitute evidence that may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements that I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**Court's Instruction No. 19**

### Instruction 74-2 Direct and Circumstantial Evidence[19]

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence that tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

---

[19] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 74-2 (Matthew Bender & Co. 2014); *see also* Fifth Circuit Pattern Jury Instruction 2.18.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict be based on a preponderance of all the evidence presented.

**Court's Instruction No. 20**

### Instruction 74-6 Habit[20] (if there is evidence to support the instruction)

There has been evidence introduced in this case concerning the habits of plaintiff (or defendant or other persons and/or the routine practices of organizations). This evidence may be considered by you in determining whether the plaintiff acted in conformity with that habit (or routine practice) on the occasion in question. The weight you give to habit evidence, if any, is entirely up to you, since you are the sole judges of the facts.

---

[20] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 74-6 (Matthew Bender & Co. 2014).

**Court's Instruction No. 21**

**Instruction 74-14 Depositions**[21]

Some of the testimony before you is in the form of depositions that have been received in evidence. A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

---

[21] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 74-14 (Matthew Bender & Co. 2014).

**Court's Instruction No. 22**

**Instruction 76-1 Witness Credibility[22]**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor—that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his

---

[22] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 76-1 (Matthew Bender & Co. 2014).

intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

**Court's Instruction No. 23**

**Instruction 76-2 Bias[23]**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

---

[23] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 76-2 (Matthew Bender & Co. 2014).

**Court's Instruction No. 24**

**Instruction 76-3 Interest in Outcome[24]**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

---

[24] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 76-3 (Matthew Bender & Co. 2014).

**Court's Instruction No. 25**

**Uniforms (if necessary)**[25]

Several witnesses have testified in this matter while wearing uniforms.  You should be cautioned that each witness should be evaluated on their testimony without regard to the uniform they may be wearing, and no undue weight should be given to the testimony of the particular witness by reason of a profession or particular uniform.

---

[25] *Ryslik v. Krass*, 652 A.2d 767, 769-72 (N.J. Super. Ct. App. Div. 1995).

**Court's Instruction No. 26**

**Failure to Produce Witnesses or Evidence[26] (if needed)**

If you believe that a party, without explanation, failed to testify to material facts, or fails to produce evidence in his or her control, you may assume that if called, the party's testimony or physical evidence would have been unfavorable to the party who failed to testify or produce said evidence.

---

[26] VMJI 2.080 (with modifications).

**Court's Instruction No. 27**

**Instruction 76-5 Impeachment by Prior Inconsistent Statements[27] (if needed)**

You have heard evidence that at some earlier time the witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

---

[27] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 76-5 (Matthew Bender & Co. 2014).

**Court's Instruction No. 28**

**Instruction 76-9 Expert Witnesses – Generally**[28]

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider not only the witness's opinions but also the witness's qualifications, the bases for the opinions, the manner or methodology by which the witness arrived at the opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

---

[28] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 76-9 (Matthew Bender & Co. 2014) (modified).

**Court's Instruction No. 29**

**Instruction 87-1 Section 1981[29]**

The claim before you now is based upon 42 U.S.C. § 1981, which is also known

as the Civil Rights Act of 1866. That statute provides:

> All persons within the jurisdiction of the United States shall have
> the same right in every State and Territory to make and enforce
> contracts, to sue, be parties, give evidence, and to the full and
> equal benefit of all laws and proceedings for the security of
> persons and property as is enjoyed by white citizens, and shall be
> subject to like punishment, pains, penalties, taxes, licenses, and
> exactions of every kind, and to no other.

---

[29] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 87-1 (Matthew Bender & Co. 2014).

**Court's Instruction No. 30**

**Instruction 87-2 Purpose of the Statute**[30]

The purpose of Section 1981 is to protect individuals in the full enjoyment of the rights enumerated in the statute by prohibiting discrimination, with respect to the exercise of those rights, based on race, color, ethnicity or ancestry.

---

[30] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 87-2 (Matthew Bender & Co. 2014).

**Court's Instruction No. 31**

### Instruction 87-3 Essential Elements[31]

To establish a claim under Section 1981, the plaintiff must prove, by a preponderance of the evidence, that:

1. he is a member of a class protected by Section 1981;

2. the defendant intentionally discriminated against plaintiff on the basis of race, color, ethnicity or ancestry; and

3. the discrimination interfered with the right to make or enforce contracts. An airline ticket is a contract.

---

[31] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 87-3 (Matthew Bender & Co. 2014).

**Court's Instruction No. 32**

**Instruction 87-6 Defining Discrimination Under Section 1981[32]**

Section 1981 guarantees that all persons within the jurisdiction of the United States shall enjoy certain specified rights to the same extent as they are enjoyed by white citizens. This means, among other things, that most "ethnic groups" are protected by the statute. Specifically, in this case, plaintiff states that he is a member of the South Asian ethnic group.  I instruct you that that group is protected by Section 1981.

---

[32] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 87-6 (Matthew Bender & Co. 2014).

**Court's Instruction No. 33**

### Instruction 77-1 Consider Damages Only If Necessary[33]

If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

---

[33] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 77-1 (Matthew Bender & Co. 2014).

**Court's Instruction No. 34**

**Instruction 87-20 General Instruction**[34]

If you find that the plaintiff has carried his burden of proving by a preponderance of the evidence all three essential elements of his Section 1981 claim, you must then consider the issue of damages, that is, the money that the defendant must pay to plaintiff. Damages must be based on evidence, and the plaintiff has the burden of proving damages by a preponderance of the evidence.

I shall now instruct you on the awards of damages allowed in section 1981 claims.

---

[34] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 87-20 (Matthew Bender & Co. 2014).

Court's Instruction No. 35

### Instruction 87-21 Compensatory Damages[35]

If you return a verdict for the plaintiff, you must then decide the issue of general compensatory damages.

You must award the plaintiff the sum of money that will justly and fairly compensate him for any injury you find he suffered as a direct result of the defendant's misconduct. Compensatory damages must be based on evidence, not speculation or sympathy. At the same time, in determining the amount of the award it may often be impossible for you to arrive at a precise amount. For example, compensatory damages are available for emotional distress and humiliation under Section 1981. It is difficult to arrive at a precise calculation of actual damage for emotional harm from a violation of Section 1981. Nonetheless, it is necessary to arrive at a reasonable award that is supported by the evidence offered by the plaintiff. You may award the plaintiff reasonable compensation for the following:

1. Pain, suffering, and physical or emotional distress;
2. Embarrassment and humiliation;
3. Loss of enjoyment of life, that is plaintiff's loss of the ability to enjoy certain aspects of his life as a result of defendant's discriminatory actions;
4. Loss of income; and
5. Any out of pocket expenses or losses incurred as a result of the unlawful discrimination.

Even if you find that no actual damages were proven, you should award the sum of $1—which is called "nominal damages"—to reflect your finding that the defendant is liable for a violation of Section 1981.

---

[35] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 87-21 (Matthew Bender & Co. 2014) (with modifications).

**Court's Instruction No. 36**

**Instruction 87-22 Mitigation[36] (if needed)**

In considering damages you will award to the plaintiff, you must remember that the plaintiff is obligated to take reasonable steps to mitigate or diminish the damages suffered.

It is, however, the defendant's burden to prove, by a preponderance of the evidence, that the plaintiff failed to take reasonable steps to diminish the extent of the injuries suffered. If the defendant proves this, you should reduce your award by the amount of damages that would have been avoided if the plaintiff had taken reasonable steps to mitigate the consequences of the harm.

---

[36] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 87-22 (Matthew Bender & Co. 2014).

**FOLLOWING CLOSING ARGUMENTS:**

**Court's Instruction No. 37**

**Instruction 78-1 Right to See Exhibits and Hear Testimony; Communications With Court[37]**

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony—in fact any communication with the court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

---

[37] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 78-1 (Matthew Bender & Co. 2014).

**Court's Instruction No. 38**

**Instruction 78-5 Selection of Foreperson[38]**

When you retire, you should elect one member of the jury as your foreperson.

That person will preside over the deliberations and speak for you here in open court.

---

[38] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 78-5 (Matthew Bender & Co. 2014).

**Court's Instruction No. 39**

**Instruction 78-6 Return of Verdict[39]**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

---

[39] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 78-6 (Matthew Bender & Co. 2014).

**Court's Instruction No. 40**

**Instruction 78-9 Special Verdict[40] (if used)**

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no." Your answers must be unanimous and must reflect the conscientious judgment of each juror. You should answer every question except where the verdict form indicates otherwise.

---

[40] 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* § 78-9 (Matthew Bender & Co. 2014).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 2nd day of September 2014, I filed this Proposed Jury

Instruction using the Court's ECF filing system, which will provide a copy to:

        Thomas R. Breeden, Esq.
        Thomas R. Breeden, P.C.
        10326 Lomond Drive
        Manassas, Virginia 20109
        Telephone: (703) 361-9277; Telefax: (703) 257-2259
        trb@tbreedenlaw.com

                        /s/*Jonathan M. Stern*
                        Jonathan Stern (Va. Bar No. 41930)
                        Schnader Harrison Segal & Lewis LLP
                        750 Ninth Street, N.W., Suite 550
                        Washington, DC 20001-4534
                        Phone: 202-419-4202
                        Fax:    202-419-4252
                        Email: jstern@schnader.com