IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CHIRAG SHAH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOUTHWEST AIRLINES, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 1:13-cv-1481 (AJT/JFA) |

## **ORDER**

This matter is before the Court on Defendant Southwest Airlines' Motion *in Limine* to Exclude Certain Testimony of Charlotte Bryan [Doc. No. 30], Motion *in Limine* to Exclude Evidence of Southwest's Liability Insurance [Doc. No. 39], Motion *in Limine* to Exclude Evidence of Ava Alley's Reference to "Middle Eastern Looking Men" in her Company Report [Doc. No. 41], and Uncontested Motion for Leave to File Surreply Brief [Doc. No. 70], as well as Plaintiff's Motion *in Limine* for Certain Pretrial Orders [Doc. No. 43] and Motion for Leave to File Sur-Surreply Brief [Doc. No. 71]. The Court has considered the motions and the memoranda submitted in support thereof and in opposition thereto, and rules as follows:

As to Defendant's Motion *in Limine* to Exclude Certain Testimony of Charlotte Bryan [Doc. No. 30], the Court concludes that the merits of Defendant's objection must be assessed within the context of the particular testimony offered; and the Court will therefore reserve on the motion in order to consider the issue as it arises during the course of the trial.

As to Defendant's Motion *in Limine* to Exclude Evidence of Southwest's Liability Insurance [Doc. No. 39], the Court concludes that the probative value of the evidence, properly presented, is not substantially outweighed by a danger of unfair prejudice; and the motion will therefore be denied.

As to Defendant's Motion *in Limine* to Exclude Evidence of Ava Alley's Reference to "Middle Eastern Looking Men" in her Company Report [Doc. No. 41] and Plaintiff's Motion *in*

*Limine* for Certain Pretrial Orders [Doc. No. 43], the Court concludes that the admissibility of the irregularity reports, including Ms. Alley's reference to "Middle Eastern Looking Men," cannot be properly assessed before trial and consideration of the specific purposes for which the reports are offered at trial. The Court will therefore reserve as to the admissibility of the irregularity reports and Defendant's Motion *in Limine* to Exclude Evidence of Ava Alley's Reference to "Middle Eastern Looking Men" in her Company Report.

As to Plaintiff's requests in his motion [Doc. No. 43] for (1) "[a]n order prohibiting Defendants' witnesses and counsel from mentioning or discussing most terrorist incidents or individuals convicted of terrorist acts," (2) an order prohibiting Defendants' experts from discussing the existence of Sensitive Security Information ("SSI") or assuming the existence of any procedures or policies designated SSI when forming any opinion, and (3) an order prohibiting Defendants' experts from discussing Southwest's policy of promoting harmony, trust, and cohesion among employees or considering such a policy when forming any opinion, the Court cannot properly rule outside of the specific context in which the issues arise at trial, and the Court will therefore reserve as to these issues. The parties are instructed, however, not to mention in opening statements or otherwise before the jury, before the Court further rules, any of the challenged expert testimony or any specific terrorist incidents other than the Boston Marathon bombings or the September 11th attacks, which should only be mentioned for the limited purposes to which Plaintiff has agreed. Absent additional grounds that may become apparent at trial, the Court will deny Plaintiff's request to conduct *voir dire* of Defendant's experts outside the hearing of the jury and will also deny his request that Defendant's witnesses be precluded from wearing their flight uniforms while testifying.

Defendant's Motion for Leave to File Surreply Brief [Doc. No. 70] and Plaintiff's Motion for Leave to File Sur-Surreply Brief [Doc. No. 71] will both be granted.

For the reasons discussed above, it is hereby

ORDERED that Defendant Southwest Airlines' Motion *in Limine* to Exclude Evidence of Southwest's Liability Insurance [Doc. No. 39] be, and the same hereby is, DENIED; and it is further

ORDERED that Plaintiff's Motion *in Limine* for Certain Pretrial Orders [Doc. No. 43] be, and the same hereby is, DENIED as to Plaintiff's requests that he be permitted to conduct *voir dire* outside the hearing of the jury and that Defendant's witnesses be precluded from wearing their flight uniforms while testifying; and it is further

ORDERED that the Court reserves decision on Defendant Southwest Airlines' Motion *in Limine* to Exclude Certain Testimony of Charlotte Bryan [Doc. No. 30] and Motion *in Limine* to Exclude Evidence of Ava Alley's Reference to "Middle Eastern Looking Men" in her Company Report [Doc. No. 41], and on Plaintiff's requests, in his Motion *in Limine* for Certain Pretrial Orders [Doc. No. 43], regarding the irregularity reports, terrorist incidents, SSI, and Southwest's policy of promoting harmony; and it is further

ORDERED that Defendant Southwest Airlines' Motion for Leave to File Surreply Brief [Doc. No. 70] be, and the same hereby is, GRANTED; and it is further

ORDERED that Plaintiff's Motion for Leave to File Sur-Surreply Brief [Doc. No. 71] be, and the same hereby is, GRANTED.

The Clerk is directed to forward copies of this Order to all counsel of record.

/s/
_____
Anthony J. Trenga
United States District Judge

September 3, 2014
Alexandria, Virginia