INSTRUCTION NO. 1

**Juror Attentiveness**

Ladies and gentlemen, before you hear closing arguments and begin your deliberations, I now am going to instruct you on the law.  You must pay close attention, and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

INSTRUCTION NO. 2

**Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be— it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

INSTRUCTION NO. 3

**Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their objections, in their questions, or what they will say in their closing arguments, is not evidence. Nor is what I may have said—or what I may say in these instructions—about a factual issue, evidence. In this connection, you should bear in mind that a question put to a witness is never evidence; it is only the answer that is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other

witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

INSTRUCTION NO. 4

**Juror Oath**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

INSTRUCTION NO. 5

**Jury to Disregard Court's View**

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts that are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely and entirely, any evidence that has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

INSTRUCTION NO. 6

**Conduct of Counsel**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences with the court outside the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

INSTRUCTION NO. 7

**Race, Religion, National Origin, Sex, or Age**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age.

It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

INSTRUCTION NO. 8

**Sympathy**

You must not base your verdict in any way upon sympathy, bias, guesswork or speculation.  Your verdict must be based solely upon the evidence and instructions of the court.

INSTRUCTION NO. 9

**Publicity – Final Charge**

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must completely disregard any report you have read in the press, seen on television, or heard on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

INSTRUCTION NO. 10

**Corporate Parties**

In this case, the defendant is a corporation. The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

INSTRUCTION NO. 11

**Preponderance of the Evidence**

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

INSTRUCTION NO. 12

**What Is and Is Not Evidence**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

To constitute evidence that may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements that I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

INSTRUCTION NO. 13

**Direct and Circumstantial Evidence**

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence that tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict be based on a preponderance of all the evidence presented.

- 16 -

INSTRUCTION NO. 14

**Inference Defined**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw—but not required to draw—from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

INSTRUCTION NO. 15

**Redactions**

There have been admitted into evidence several pages of training and procedural manuals written either by the Defendant, Southwest Airlines, or by the Transportation Security Administration. Some of these pages have been redacted – that is, portions of some of the pages have been blacked out and won't be visible to you.  Do not draw any inference in favor of either party based on the fact that portions of these documents have been redacted.

INSTRUCTION NO. 16

**Depositions**

Some of the testimony before you is in the form of depositions that have been received in evidence. A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

INSTRUCTION NO. 17

**Witness Credibility**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor—that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

INSTRUCTION NO. 18

**Bias**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

INSTRUCTION NO. 19

**Interest in Outcome**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

INSTRUCTION NO. 20

**Uniforms**

Some witnesses have testified in this matter while wearing uniforms.  You should be cautioned that each witness should be evaluated on their testimony without regard to the uniform they may be wearing, and no undue weight should be given to the testimony of the particular witness by reason of a profession or particular uniform.

INSTRUCTION NO. 21

**Discrepancies in Testimony**

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

INSTRUCTION NO. 22

**Prior Inconsistent Statement by a Party**

The rule is somewhat different when a plaintiff or defendant has made a prior statement that is inconsistent with his trial testimony. In that case, it still is up to you to consider whether the party purposefully made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the party had an explanation for the inconsistency, and whether that explanation appealed to your common sense. In that case, however, you shall consider the prior inconsistent statement as affirmative evidence in deciding issues in the case to which it is relevant.

INSTRUCTION NO. 23

**Impeachment by Prior Inconsistent Statements**

You have heard evidence that at some earlier time the witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

INSTRUCTION NO. 24

**Expert Witnesses – Generally**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider not only the witness's opinions but also the witness's qualifications, the bases for the opinions, the manner or methodology by which the witness arrived at the opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

INSTRUCTION NO. 25

**Permissive Refusal to Transport/Section 44902(b) Immunity**

A federal statute, Section 44902(b) of Title 49, gives an air carrier such as Southwest discretion to "refuse to transport a passenger … the carrier decides is, or might be, inimical to safety." "Inimical" means "adverse in tendency or effect; unfavorable; harmful …."

Here, Southwest has claimed that it refused to transport the plaintiff because of safety concerns, pursuant to its discretion under section 44902(b).  Once the airline has invoked section 44902(b) based on safety concerns, as Southwest has done here, the plaintiff must prove, by a preponderance of the evidence, that that airline's decision was arbitrary and capricious. "Arbitrary and capricious" means "a willful and unreasonable action without consideration or in disregard of facts."  In determining whether Southwest's decision was arbitrary and capricious, you should consider whether the decision reasonably implicated safety concerns or was based on concerns unrelated to safety.  In addition, you are further instructed that a decision that an individual is, or might be, inimical safety, made solely on the basis of race, is, as a matter of law, arbitrary and capricious.

For the purpose of deciding whether Southwest made a decision that the plaintiff was or might have been inimical to safety, the captain's decision stands as the decision of the air carrier.  Biases of those who report information to the captain, if any, may not be attributed to the captain. The captain's decision must be evaluated solely on the information he possessed or that was reasonably available to him under the circumstances when the decision was made, with due regard for the exigencies of the situation, including, without limitation, the need to act expeditiously and the limited opportunity to make a thorough investigation or inquiry into the information received and the sources of that information.  In this regard, the captain may accept, at face value, the information provided to him.

If you determine that the plaintiff has proved that the captain's decision was arbitrary and capricious, you should proceed to decide whether plaintiff has proved a violation of Section 1981, about which I will next instruct you. If, on the other hand, you determine that the plaintiff has not proved the captain's decision was arbitrary and capricious, you must find in Southwest's favor and you should not address plaintiff's claim under Section 1981.

INSTRUCTION NO. 26

**Section 1981**

The claim before you now is based upon 42 U.S.C. § 1981, which is also known as the Civil Rights Act of 1866. That statute provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

The purpose of Section 1981 is to protect individuals in the full enjoyment of the rights enumerated in the statute by prohibiting discrimination, with respect to the exercise of those rights, based on race, color, ethnicity or ancestry.

Section 1981 guarantees that all persons within the jurisdiction of the United States shall enjoy certain specified rights to the same extent as they are enjoyed by white citizens. This means, among other things, that most "ethnic groups" are protected by the statute. Specifically, in this case, plaintiff states that he is a member of the South Asian ethnic group. I instruct you that that group is protected by Section 1981.

INSTRUCTION NO. 27

**Essential Elements**

To establish a claim under Section 1981, the plaintiff must prove, by a preponderance of the evidence, that:

1. he is a member of a class protected by Section 1981;

2. the defendant intentionally discriminated against plaintiff on the basis of race, color, ethnicity or ancestry; and

3. the discrimination interfered with the right to make or enforce contracts. An airline ticket is a contract.

INSTRUCTION NO. 28

**Discriminatory Intent**

To establish a case under Section 1981, the plaintiff must prove that the defendant intentionally and purposefully discriminated against him because of his perceived race, color, ethnicity or ancestry and that the defendant would not have taken the challenged action had the plaintiff's perceived race, color, ethnicity or ancestry not been considered. Mr. Shah need not prove that Southwest Airlines' employees acted out of conscious racial animus, and you may consider whether Southwest Airlines' employees acted based on stereotyped thinking and other forms of less conscious bias.

Plaintiff may prove these elements with circumstantial evidence. Circumstantial evidence is evidence that proves a fact by means of inference from other facts. If a defendant took actions that, while not expressly discriminatory, were in your view more likely than not consciously motivated by racial discrimination, that would be an example of circumstantial evidence of intent.

JURY INSTRUCTION NO. 29

**Evidence of Insurance**

The Plaintiff introduced evidence which contained references to Defendant's insurance coverage.  This evidence shall be considered by you solely for the purpose of determining the credibility of Defendant and its witnesses.

The presence or absence of insurance or benefits of any type, whether liability insurance, health insurance, or employment-related benefits for either the plaintiff or the defendants, is not to be considered by you in any way in deciding the issue of liability or, if you find your verdict for the plaintiff, in considering the issue of damages.

The existence or lack of insurance or benefits shall not enter into your discussions or deliberations in any way in deciding the issues in this case. You shall decide this case solely on the basis of the testimony and evidence presented in the courtroom, as well as the other instructions given to you by the court.

INSTRUCTION NO. 30

**Consider Damages Only If Necessary**

If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

INSTRUCTION NO. 31

**General Instruction**

If you find that the plaintiff has carried his burden of proving by a preponderance of the evidence all three essential elements of his Section 1981 claim, you must then consider the issue of damages, that is, the money that the defendant must pay to plaintiff. Damages must be based on evidence, and the plaintiff has the burden of proving damages by a preponderance of the evidence.

I shall now instruct you on the awards of damages allowed in section 1981 claims.

INSTRUCTION NO. 32

**Compensatory Damages**

If you return a verdict for the plaintiff, you must then decide the issue of general

compensatory damages.

You must award the plaintiff the sum of money that will justly and fairly

compensate him for any injury you find he suffered as a direct result of the defendant's

misconduct. Compensatory damages must be based on evidence, not speculation or sympathy. At

the same time, in determining the amount of the award it may often be impossible for you to

arrive at a precise amount. For example, compensatory damages are available for emotional

distress and humiliation under Section 1981. It is difficult to arrive at a precise calculation of

actual damage for emotional harm from a violation of Section 1981. Nonetheless, it is necessary

to arrive at a reasonable award that is supported by the evidence offered by the plaintiff.

You may award the plaintiff reasonable compensation for the following:

1. Pain, suffering, and physical or emotional distress;
2. Embarrassment and humiliation;
3. Loss of enjoyment of life, that is plaintiff's loss of the ability to enjoy certain aspects of his life as a result of defendant's discriminatory actions;
4. Loss of income; and
5. Any out of pocket expenses or losses incurred as a result of the unlawful discrimination.

Even if you find that no actual damages were proven, you should award the sum

of $1—which is called "nominal damages"—to reflect your finding that the defendant is liable

for a violation of Section 1981.

INSTRUCTION NO. 33

**Foreperson and deliberation**

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges-judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way, to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any

way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

A form of verdict has been prepared for your convenience, which I will now review with you.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through Mr. Burns.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.